## Mary N. Parker *vs.* James Parker & others.

A testator, after giving the use and improvement of all his real and personal estate to his wife during her widowhood, made the following residuary devise : " I give to my five sons all the residue and remainder of my real estate, to be equally divided among them, they to come into possession thereof when my wife's improvement ends : And if any or either of my said sons should die before they arrive to the age of twenty one years, *or* should die without any legal heir of their body, then and in that case their share or shares shall descend equally to their surviving brother or brothers." *Held,* that each of the sons took an estate tail in one fifth of the land devised, with cross remainders.

*Held also,* that if this clause in the will had given to the sons a fee simple, with a limitation over by way of executory devise, then the devise over could not have taken effect, unless one or more of the sons had died before coming of age *and* without lawful issue.

A devise of " all the residue and remainder of my real estate," passes a fee, though no words of limitation or inheritance are added.

A devise of real estate, without words of inheritance, passes a fee, if the devisee is personally charged, in the will, with the payment of money to third persons.

Petition for partition, in which the petitioner alleged that she was seized in fee of two eighths of one fifth of several parcels of real estate therein described, as tenant in common with the respondents.

The parties agreed upon the following facts : James Parker, father of the petitioner and of the respondents, died in the year 1802, seized in fee of the real estate described in the petition, and of other real estate. He left a last will, which was duly proved and allowed, in which — after giving to his wife, Sarah Parker, in lieu of dower, the use and improvement of all his real and personal estate, during the time she should continue his widow, and to his son Ebenezer Parker, in fee, the remainder in certain parcels of land not described in the petition -— he disposed of his remaining estate, in these terms :

" 3d. I give to my five sons, namely, Ebenezer, James, Timothy, Jonathan, and Nehemiah, all the residue and remainder of my real estate, to be equally divided among them ; they to come into possession thereof, when my wife's improvement ends. And if any or either of my said sons should die before they arrive to the age of twenty one years, or should die without any legal heir of their body, then and in that case their share

or shares shall descend equally to the surviving brother or brothers.

"4th. I give to my four daughters, namely, Mercy, Mary, Sarah, and Caroline, $ 200 each, to be paid by my five sons abovenamed in one year after they come into possession of the real estate abovementioned, in equal proportion by my said five sons.   And if any or either of my abovesaid daughters should die before they come into possession of the abovesaid sum of $ 200 each, or should die without leaving any legal heir of their body, then and in that case, their share or shares shall descend to the surviving sister or sisters in equal proportions : And furthermore it is my will that my personal estate, the improvement of which I have given to my abovesaid wife, should be disposed of in the following manner, namely, all that remains of my stock and out-door moveable estate, at the end of my said wife's improvement, shall be equally divided among my sons abovementioned ; and all my household furniture and indoor moveable estate, it is my will that my said wife dispose of it in any way or manner that she thinks best."

In the year 1835, the abovenamed Nehemiah Parker died intestate, being more than twenty one years old, but without any issue, and leaving his mother, (the aforesaid Sarah,) and his aforesaid four brothers, and also three sisters, (of whom the petitioner is one,) his heirs at law.   The said Sarah afterwards, by her deed, conveyed to the petitioner all the right which, as one of the heirs of said Nehemiah, she had in the real estate described in the petition.   Said Sarah died in the year 1840.

It was agreed that if, on the foregoing statement, the court should be of opinion that the petitioner had any right in the real estate described in her petition, as an heir of said Nehemiah and grantee of said Sarah, then judgment for partition should be rendered ; otherwise, that the petition should be dismissed.

This case was argued at the last October term, and again at this term, by *Marston*, for the petitioner, and by *J. Reed*, for the respondents.   The opinion of the court was delivered at the October term 1843.

SHAW, C. J.   The present petitioner, one of the daughters

of the late James Parker of Barnstable, claiming to be tenant in common with her brothers, of various tracts and parcels of land, brings her petition and prays to have partition made, so that she may hold her share in severalty. She claims as heir to her brother Nehemiah Parker, deceased, of all that part of the real estate of their father, which he devised to his son, the said Nehemiah. The respondents deny that the interest which said Nehemiah took in his father's estate under his will, in the events which happened, was such an absolute estate in fee simple as would descend to his brothers and sisters as his heirs at law; and of course they deny the petitioner's right to have partition. This must depend upon the construction of the will, and the events which occurred after it.

It appears by the will, that the testator, after making a provision for his wife, and a specific devise to his son Ebenezer, disposed of the principal part of his estate as follows:

[The third clause in the will was here recited.]

The question which has been principally argued is this : Supposing this to be an estate to the widow for her life, determinable on the event of her marrying again, with a remainder to the sons in fee, but in case either should die under age, or not leave issue living at the time of his decease, then an executory devise over to the other sons — the question is, whether the devise over shall take effect, if he arrive at full age, but leave no issue. In behalf of the sons, it is contended that on the happening of either of these contingencies, it was intended that the devise over should take effect; whereas it is contended by the petitioner, that the two events were to form one contingency, and the first devisee must have died under age *and* without leaving issue, before the devise over could take effect. It must be admitted that a literal construction of the words of the will favors the former argument; but we are of opinion, that upon the authorities, as well as upon principle, the construction of the petitioner is the true one.

The principle, upon which this construction was originally adopted, was founded upon that great maxim, lying at the foundation of all the rules for construing wills, that the intention of

the testator, so far as it can be ascertained from the will, taking every clause and provision in it, and from the condition and circumstances of the estate, the relations of the testator with all the various persons concerned, shall govern and be carried into effect, as far as it can be done consistently with the rules of law. If the two facts of dying under age, and dying without leaving issue, were to be construed as two several and distinct contingencies, upon the happening of either of which, the devise over should take effect, it would follow, as a necessary consequence, that if the devisee should marry and have issue and die under twenty one, leaving such issue alive, the issue would not take the estate, because the dying under age is one of the events, on the happening of which the estate would pass over to the devisee, and thus the issue of the first object of the testator's bounty would be wholly cut off from taking the estate. This is so manifestly contrary to the presumed intent of the testator, that it cannot be adopted without adopting a construction which, adhering to the letter, would violate the spirit of the will. No. We think this is one of the cases, in which the word " or " will be construed to mean " and," in order to carry the testator's intention into effect. The manifest object of the testator was, we think, that if the son, who was the first object of his bounty, should die, without leaving children to take after him, and whilst he was under age so that he could not make any disposition of the property, on account of the incapacity of nonage, then the testator intended to make the disposition of it himself . But if the son should leave no such children, but still if he should arrive at an age, at which the law would allow him to dispose of real estate, by his own act, by deed or by will, then it was intended that the gift to him should be absolute, and the devise over would fail. *Soulle* v. *Gerrard*, Cro. Eliz. 525. *Price* v. *Hunt*, Pollexf. 645. *Barker* v. *Suretees*, 2 Stra. 1175. *Denn* v. *Kemeys*, 9 East, 366. *Fairfield* v. *Morgan*, 2 New Rep. 38. This last case was decided, upon great consideration, in the house of lords. That " or " shall be read as " and," to effect the will and intent of the testator, was de-

12 *

cided in an early case in Massachusetts. *Ray* v. *Enslin*, 2 Mass. 554.

The case thus far proceeds on the ground that the devise to the sons, after the devise to the wife for life, was a remainder in fee, with a limitation over, by way of executory devise.

Had it been quite certain that this provision in the will of the testator constituted an estate in fee simple to the sons, with a devise over, in case either of them should die under age and without leaving issue living at the time of his decease, so that the only claim of the respondents to the estate was by way of executory devise, we are strongly inclined to the opinion, that the estate would have become absolute in Nehemiah, on his arriving at the age of twenty one years, although he afterwards died without issue ; and that the land, on his decease, would have descended to his heirs, including the mother and sisters. But upon a more careful examination of the will, the court are of opinion, that this provision in the will did not give a fee simple to the sons with a limitation over, by way of executory devise ; but that it gave to each of the sons an estate tail in one fifth, with cross remainders.

It is a settled rule of law, that a gift of real estate in a will shall never be construed to be an executory devise, which can be legally construed to be a remainder. 8 Mass. 38. *Purefoy* v. *Rogers*, 2 Saund. 388. We are then to examine this will to determine whether this was a devise in fee with an executory devise over, or an estate tail with a remainder.

In the first place, it is apparent, that in the principal devise to the sons, there are no words of limitation ; that is, it is not in terms devised to them and their heirs. But as it is a will, and not a deed, which we are considering, we are inclined to the opinion, that if it stood upon that clause alone, it would be sufficient to create an estate in fee simple, without words of limitation — for two reasons ; first, because it is a devise of all his real estate ; and secondly, because, by another clause in the will, he charges these devisees personally, with the payment of a considerable sum of money to their sisters ; which circumstances are regarded, for well known reasons, as legal *indicia* of an intent to give an estate in fee. 18 Pick. 537. 8 T. R. 1.

But we have already stated, that in construing a will, the whole is to be taken together, and one provision may be enlarged, restrained, or otherwise controlled, by another. Here the will, after giving the estate to the five sons, goes on to provide that if either of them should die without any legal *heir of their body*, then the share of such deceased son is given to the surviving brother, or brothers. In this clause, the term "legal heir of the body" is precisely equivalent to "lawful issue", that is, children or descendants. This clause qualifies the former, and indicates the intention of the testator to give the estate, not to each son and his heirs generally, but to each one and the heirs of his body. It creates an estate tail by implication. *Nightingale v. Burrell*, 15 Pick. 104. In saying that if the son dies without lawful issue, the estate shall go over, there is a clear implication that if in dying, such son does leave children or other issue, it shall not go over to the other sons; and the only intelligible reason there can be, is, because in that event, it was the intention of the testator, that such child or children should take the estate, after their father, as heirs of the body. If such be the effect and legal construction of the will, then the devise is an estate tail, and if not barred in some of the modes prescribed by law, it will descend to the heirs of the body, so long as there are any to inherit, and the gift over to the brothers would be a remainder, to take effect upon the determination of the estate tail by the failure of issue of the body. Such appears to us to be the true construction of this will. We think it manifest from the provisions of the will, that it was the intention of the testator to give the estate to his five sons in equal shares; but as it was uncertain who would marry and have children, and who not, that each should have his share of one fifth, for his own life at all events; that if he left children, they should have it; but if he should leave no children to take it after him, his brothers should have it. This was an estate tail in each of the sons.

The principal distinction, and it is a very important one, between an estate tail, with remainder, and an estate in fee, with a limitation over upon the happening of some event, as an ex

ecutory devise, is, that a party holding the latter — an estate in fee determinable upon a contingency — has no power to defeat the executory devise. He has himself an estate defeasible upon the happening of the contingency ; he may alienate it, but his alienee will take it subject to the same condition. But the owner of an estate tail may, at his pleasure, bar the entail and defeat and cut off all the remainders, by a common recovery, or, under our statute, by a simple deed. *Nightingale* v. *Burrell,* 15 Pick. 116. But although a tenant in tail has a power to bar the entail and cut off the remainders, yet it is at his option to do so or not ; and if he does not, the remainder over will take effect, according to the form of the gift and the nature of the estate. In the present case, by force of the will, Nehemiah Parker had an estate tail, with remainder to his four brothers. This entail was never barred by deed or common recovery. He died seized of the estate as tenant in tail, and leaving no issue to take after him, the estate went to the brothers, by way of remainder. We are therefore of opinion that no estate descended from Nehemiah to his mother or sister, as general heirs, that the petitioner had no interest in the devised estate, and that the petition must be dismissed.