BENJAMIN KINDIG, *et al.*, Executors, etc., of BENJAMIN
KINDIG, deceased.

*v.*

ANTHONY C. DEARDORFF, Administrator, etc., of WILLIAM
HENRY SMITH, deceased.

1. WILL—*interpretation of.* The rule is well settled, when either real or personal estate is devised, with a condition, that in case the devisee shall die before the age of twenty-one, or without issue, then the estate shall go to an ulterior devisee, that the word "or," is to be construed as the word "and," so as to require both conditions to concur, in order to make the estate go over.

2. But if there is any thing in other portions of the will, showing that the testator really intended to use the word "or" in its strict disjunctive sense,

courts ought to so construe it. The intent of the testator is the controlling principle.

3. When A devised his realty to B and C with a condition that if one or both die, before they shall arrive at the age of twenty-one, or without issue, then the estate to go to D ; and B died between the ages of twenty-one and twenty-two, without issue: *Held,* that the word "or" is to be construed as the word "and," and the legacy became absolute in B, on his attaining his majority.

APPEAL from the Circuit Court of Tazewell county; the Hon. S. L. RICHMOND, Judge, presiding.

The case is stated in the opinion of the Court.

Messrs. INGERSOLLS & PUTERBAUGH, for the appellants.

The question to be considered in this case arises upon the construction to be given to the will of Benjamin Kindig, deceased, which, among other things, is as follows :

"My will is, that, after the sale of all my estate, real and personal, and the money is collected from the same, that the expenses of administration, and all legal expenses to be paid, and the balance equally divided among my children and my two grandchildren, namely, William Henry Smith and William Robert Wilson, each to share equally in the distribution and entitled to the same share as either of their mothers would have been entitled to if living. The money falling to the above named grandchildren shall be, by my executors, loaned out with good security, and on such interest as . is usual to loan money upon, until they shall, respectively, become of the age of twenty-one years, and when either one shall arrive at the age of twenty-one years he shall be entitled to receive his share with the interest, and in the same way with the other. Should one or both die before they shall arrive at the age of twenty-one, *or either die without heirs,* his or their share shall be equally divided with my children, and the surviving one of the two grandchildren, *if any.*"

It was agreed that William Henry Smith died when he was between twenty-one and twenty-two years of age; that he was never married, and died without issue; that the several children and grandchildren of the testator are living; that Deardorff is administrator of W. H. Smith, deceased.

The County Court ordered that the executors of Benjamin Kindig, deceased, pay to Anthony C. Deardorff, administrator of W. H. Smith, the amount of the legacy or devise in the will of said Kindig.

Upon appeal the Circuit Court rendered judgment that the said appellants report to and settle according to the order of said County Court for the distributive share of William H. Smith, deceased, and that the appellee recover of the appellants his costs in this behalf expended; and that he have execution therefor. From this judgment appellants appealed.

It is an universal rule in construing wills, that the intention of the testator must be the governing principle. 2 Jarman on Wills, 523; *Willis et al.* v. *Watson,* 4 Scam. 65; *Smythe* v. *Taylor,* 21 Ill. 298.

Where the intention of the testator is manifest, there is no room for construction. *Bowers* v. *Porter,* 4 Pick. 198, 203; *Annable* v. *Patch,* 3 Pick. 360; *Daws* v. *Swan,* 4 Mass. 208; *Parsons* v. *Winslow,* 6 Mass. 169.

It was the manifest intention of the testator in this case to confine his property to his blood kin. He bequeathed all his property to his wife, children and grandchildren, but should one or both of the grandchildren die before they arrive at the age of twenty-one years, "*or either die without heirs,*" his or their share was to go to the survivors.

If the money is paid over to the administrator of the deceased grandson, it passes from the blood kin altogether. This clearly was not the intention of the testator. It was his intention when he executed the will, that if either of the grandsons should die without heirs, his share should be divided with his children and surviving grandson. This is the language of the will, and we believe the court will so construe it.

In the case of *Tyson* v. *Blake*, 22 N. Y. (8 Smith), 558, the court held, that where a devise of an estate, reduced to money, was to grandchildren, but in case one of them should die without issue, her share to go, etc., that the second clause was not a limitation of an absolute gift, but a qualification of the previous phrase, the whole making a qualified gift.    Also see *Jones* v. *Miller*, 13 Ind. 337; *Dooley* v. *Hobb*, 5 Harring. (Del.) 405.

Mr. A. C. ROBERTS and Mr. N. W. GREEN, for the appellee.

There is no dispute as to the meaning of the word heirs, as used by the testator, he evidently intending issue or children.

As was said by the court in 21 Ill. 298, citing 2 Jarman, 523, "*it is an universal rule in construing wills, that the intention of the testator must be the governing principle, and that must be collected upon grounds of a judicial nature as distinguished from arbitrary occasional conjecture.*"    Or, in other words, judicial decisions giving a construction to certain words or phrases in wills, are to be respected and adhered to as a rule and guide.    It has long been settled that a devise of real estate to "A" and his heirs, or to "A" indefinitely, and in case of his death under twenty-one *or* without issue, the word *or* is construed *and*, consequently the estate does not go over to the ulterior devisee, unless *both* the specified events happen.    1 Jarman on Wills, 426.  · This rule is equally applicable to real as well as *personal* property.    Ibid. 427, and cases cited ; *Jackson* v. *Blanshan*, 6 Johns. 55, where the question is fully discussed.

It was manifestly the intention of the testator that his grandson, William Henry Smith, upon arriving at the age of twenty-one, should be entitled to the legacy, absolutely, and could have maintained his action therefor; the language, "and when either one shall arrive at the age of twenty-one years, he shall be entitled to receive his share," is unmistakable, and clearly brings the subsequent part of the clause, "should one or both die before they shall arrive at the age of twenty-one, or either die without heirs," within the rule of construction referred to.

Taking the whole clause together, the intent of the testator was, that if his grandson lived to the age of twenty-one, the

legacy should vest in him; or if he died before that age, leaving children, they should take; and only in the event of dying under twenty-one, without children, should the bequest go over to the ulterior legatees. None of the authorities cited by appellants conflict with the rule relied on by appellee, or present a case analogous to this.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a petition originally filed in the County Court by the appellee as administrator of William Henry Smith against the appellants, as executors of Kindig, to compel them to pay over a certain sum of money which the appellee claimed was due to the estate of Smith under the will of Kindig. The County Court made an order, and on an appeal to the Circuit Court it was affirmed. The executors of Kindig now bring the record here. The case turns upon the construction to be given to the will of Kindig, which, after a bequest to his widow, and directing the payment of his debts, proceeds as follows:

" My will is, that after the sale of all my estate, real and personal, and the money is collected from the same, that the expenses of administration, and all legal expenses to be paid, and the balance be equally divided among my children and my two grandchildren, namely, William Henry Smith, and William Robert Wilson, each to share equally in the distribution and entitled to the same share as either of their mothers would have been entitled to if living. The money falling to the above named grandchildren shall be, by my executors, loaned out, with good security, and on such interest as is usual to loan money upon, until they shall, respectively, become of the age of twenty-one years, and when either one shall arrive at the age of twenty-one years he shall be entitled to receive his share with the interest, and in the same way with the other. Should one or both die before they shall arrive at the age of twenty-one, or either die without heirs, his or their share shall be equally divided with my children and the surviving one of the two grandchildren, if any."

It is admitted that William Henry Smith died without issue, unmarried, and between twenty-one and twenty-two years of age. The question is, whether his personal representatives are entitled to the legacy, or whether, under the last clause of the will, it goes to the persons named therein.

The rule has been long and very firmly settled, that where either real or personal estate is devised, with a condition that in case the devisee shall die before the age of twenty-one, *or* without issue, then the estate shall go to an ulterior devisee, the word "*or*" is to be construed as the word "and," so as to require both conditions to concur in order to make the estate go over. The rule is thus expressed by Jarman, on page 443 of his first volume : "It has been long settled that a devise of real estate to A and his heirs, and in case of his death under twenty-one *or* without issue, over, the word '*or*' is to be construed '*and*,' and consequently the estate is not to go over to the ulterior devisee unless both the specified events happen." After stating that the rule is founded on the fact that it substitutes a reasonable for a most unreasonable scheme of disposition, the author adds that "the rule is equally applicable to bequests of personalty ; and therefore, in the case of a legacy to A, and in case of his death under age, *or* without issue, to B, it is not to be doubted that A would retain the legacy unless he died under age *and* without leaving issue at his decease." The numerous cases in the English courts in which this rule has been applied are cited by Jarman, and it is not necessary to quote them here. The same question arose in *Jackson* v. *Blanshan*, 6 Johns. 55. Chief Justice KENT, in giving the opinion of the court, reviews the English cases and says that the controversy on the construction of these words in a will, which had been made the subject of contention for two centuries and a half in Westminster Hall, must now be considered as forever closed. He adds, "it is important, when a question of this kind has become once settled (and it is almost immaterial which way), that it shall not be disturbed, for it grows into a landmark of property."

Although this rule seems at first blush to require a departure from the natural meaning of the language used, yet in most cases its application accomplishes the real intent of the testator. If there is any thing in other portions of a will indicating that the maker really intended to use the word " or " in its strict disjunctive sense, courts ought not to apply this canon of interpretation. The intent of the testator is, after all, the controlling principle, and it is only because courts have supposed by this rule they best accomplished that intent, that the rule has been adopted. In the case before us, for example, it can hardly be supposed that a testator, in providing for all his children and grandchildren, would have allowed his bounty to be controlled by so frivolous and capricious a consideration as whether the issue of his legatee were born before or after the legatee attained his majority. Yet, unless we read "and" in place of " or," if William Henry Smith had married and died before attaining the age of twenty-one, leaving children, such children would not have taken under the will, though the same children would have taken had their father survived until he became of age and then died. Such a discrimination would be so unreasonable that we cannot suppose it was the intent of the testator to make it. Besides, why should he have directed the legacy to be paid over to Smith on his attaining his majority unless he intended that it should become, at that time, absolutely his? If he had intended it should not vest until the birth of children, would he not have directed that it should not be paid until the happening of such contingency? If it was not intended to become the absolute property of the legatee on his arriving at full age, then only the accruing interest should have been paid over to Smith after that time, and the principal kept until the birth of issue, where it could be reached by the ulterior legatee. And if the testator had not intended the legacy to vest absolutely on Smith's attaining his majority, he certainly would not have directed it to be paid without security, and thereby placed in jeopardy. In order to make the different provisions of the will consistent with each other, and to avoid a construction which would impute to the

testator a very unreasonable and therefore improbable intent, we must hold that the title to the legacy became absolute in William Henry Smith on his attaining his majority, and should now be paid over to his administrator.

*Decree affirmed.*