REBECCA H. SHREVE et al.

*v.*

WILLIAM A. MACCRELLISH.

[Filed May 21st, 1900.]

A testator gave a life estate in his real estate to his wife, remainder in fee-simple to his son, with a limitation over in case the son should die before his mother, or under the age of twenty-one years, or without lawful issue.—*Held*, that the word "or" in the will should be read as meaning "and," and, the son having attained the age of twenty-one years, the limitation over is defeated, and he has a vested remainder. In such case a deed of the property by the mother and son together conveys title in fee-simple, and complies with an agreement to convey such a title.

*Mr. John T. Bird,* for the complainants.

*Messrs. Beasley & Walker,* for the defendant.

REED, V. C.

This is a bill to compel the defendant, as a vendee, to specifically perform a contract between the parties to this suit, by which the defendant agreed to exchange a property of his for a property of the complainants. The contract required that a title in fee-simple should be conveyed to defendant, and he refused to make a conveyance of his property, upon the ground that the complainants have not a title in fee-simple to the property which they agreed to convey to him.

The sole question is whether the deed tendered by the complainants was one conveying a title in fee-simple.

The solution to this question is dependent upon the construction of the will of E. Mercer Shreve, whether the testator in that instrument intended to give his son Henry Wallace Shreve an indefeasible estate if he attained the age of twenty-one. If so, he, having attained that age, he, with his mother, Rebecca H. Shreve, is capable of conveying a title in fee-simple.

The clause of the will upon which the complainants rest their claim that they have title, is as follows:

"I devise to my wife Rebecca H. Shreve in lieu of her dower in my lands, all my real estate wheresoever situate and the policies of insurance thereon to have and to hold the same and enjoy all the rents, issues and profits thereof for and during the term of her natural life with remainder in fee simple to my son Henry Wallace Shreve—Provided nevertheless that in case my said son shall die before his mother or under the age of twenty one years, or without lawful issue, then my will is and I in such a case hereby devise all my real estate and policies of fire insurance thereon to my executors hereinafter named in trust nevertheless to pay over the rents, issues and profits thereof, after deducting all necessary expenses for repairs and charges, to my brother William I. Shreve and my sisters Mary Anna Fisher, and Sarah Matilda Wallace in equal shares or parts; the children of any deceased sister taking the same share that their parent would have taken if living."

The widow of the testator is still living.

On the part of the complainants it is claimed that the son, having attained the age of twenty-one years, is invested with

the remainder in fee-simple. This result, it is insisted, springs from a construction which would read the words "or" as they occur in this clause of the will as meaning "and." The clause would then read, "in case my son shall die before his mother, and under the age of twenty-one years, and without lawful issue, then," &c., I devise all my real estate to my executors in trust for the benefit of my brother and sisters.

It is entirely settled that if the contingency upon which property is limited over is dying before reaching the age of twenty-one years, or without issue, the words "or" will be read "and." Both events must fail before the limitation over can take effect. If the first taker live until the age of twenty-one, or if he die before he attains the age of twenty-one, and yet leaves issue, the limitation over is defeated. This rule of construction is supported by innumerable cases, and has become a canon upon which innumerable titles rest. *Holcomb* v. *Lake, 1 Dutch. 605.* So if the contingency is upon death before any particular date, as upon attaining the age of twenty-five years or without leaving issue (*Fairfield* v. *Morgan, 2 Bos. P. N. R. 38*), the same construction will control.

There is therefore no question that the second "or" should be read "and." This would leave the clause reading thus: "In case my son should die before his mother or under the age of twenty-one, and without issue, then I devise my real estate over," &c.

But if the limitation over is in opposition to the clause read with the first disjunctive "or" unchanged, then the event may happen by the death of the son without issue either before his mother or before he arrives at his majority. This would still leave the title of the son indefeasible in case of his death without issue, before the death of his still-living mother.

If, however, the copulative "and" is substituted for this disjunctive "or," then the limitation over is in opposition to the whole clause, and all the events must have occurred before it can take effect. Then, inasmuch as he cannot die before he attains the age of twenty-one, he having attained that age, the limitation over is already defeated, and the son has a vested remainder.

In my judgment the latter is the correct construction of the clause.

If the word "or" were retained as expressive of the intent of the testator, this is what might have happened: had the mother died before the son attained his majority, and if he had thereafter died before he attained the age of twenty-one his estate would have been defeated, notwithstanding his mother's death. Now it is perceived that the will in the first place gives to the son the estate immediately upon the death of the mother, for the devise is to her for her life and remainder to her son.

In the case of *Miles* v. *Dyer, 8 Sim. 330,* the testator gave the accumulated surplus of his estate to his wife during her life, and after her death directed his trustee to sell the property and divide the proceeds among his children, on their attaining the age of twenty-one. He then provided that in case all his children should die in the lifetime of his wife or under twenty-one, &c., leaving issue, then, after his wife's death, to sell the property and divide the proceeds among several persons. It was held that "or" should be read "and," and that the children having attained the age of twenty-one were absolutely entitled to the property, though their mother was still living.

In arriving at this conclusion, Vice-Chancellor Shadwell said: "Moreover, it would be inconsistent with a gift to the children, if I should hold that the property which is the subject of it was intended to go over in case the children should die in the lifetime of the wife; for the gift to the children is made to depend on their attaining twenty-one, whether they die in the lifetime of the wife or not."

In that case the children did not come into possession of the property upon attaining twenty-one unless the widow was then dead, yet the court treated the direction as evidence of an intent that they should have the property when arriving at that age.

In the present case the direction is that upon the death of the widow, the child shall have the property; and to hold that thereafter it was liable to go over on his subsequent death before attaining his majority would be inconsistent with the devise.

In *Bentley* v. *Meech, 25 Beav. 197,* the residue of an estate was left in trust to executors to pay the proceeds thereof to the widow during her life, and on her death to make over to his son all the property upon his attaining the age of twenty-one. Then fol-

lowed the limitation over in these words: "But if my son shall depart this life before my said widow or before said age of twenty-one years, then the property to go to my brother Charles," it was held that the word "or" should be read "and."

In the present case, to each of the incidents upon which the limitation over is to take effect, namely, dying before twenty-one or dying before the widow, is added the condition "and dying without issue." As already remarked, it could not have been the intention of the testator that if he died before the widow, although under twenty-one, leaving issue, that the issue should be cut out.

To save the issue in such an event, it is essential to read the first "or" as "and," and so reading it, it makes the estate of the son indefeasible upon his attaining the age of twenty-one. The intention of the testator was that when the widow should die, if before the son attaining the age of twenty-one, or when he attained the age of twenty-one in the lifetime of the widow, the fee in the first instance, and the remainder in the second instance, should be invested in him indefeasibly.

I am of the opinion, therefore, that the mother and son together can make a title to the property in question in fee-simple.