ROSCOE B. WILLIAMS v. STARR HICKS ET AL.

(Filed 5 October, 1921.)

**Wills—Devise—Estates—Fee—Contingencies—Words and Clauses—"Or" Construed as "And."**

> In a devise to the testator's son of certain lands, and in the event he "should die during his minority, or childless, . . . the remainder" over to the trustees of a certain church, the words "or childless" will be construed "and childless," so as not to deprive the son, the primary object of the testator's bounty, of the right and title to the land upon his coming of age, when not in clear contravention of the purpose of the testator elsewhere expressed in his will. *Patterson v. McCormick,* 177 N. C., 448, cited and distinguished.

CIVIL ACTION, heard on demurrer and by consent before *Allen,* resident judge, at chambers in Kinston, N. C., on 20 August, 1921. Plaintiff appealed.

The action is to remove a cloud from plaintiff's title to certain real property held by plaintiff, Roscoe Williams, under the will of his father, John W. Williams, deceased, and more particularly under the third item of the will as follows:

"In the event that my said son, Roscoe B. Williams, should die during his minority, or childless, it is my will and desire that the remainder of the several properties herein named that would revert to him shall go to the trustees of St. John's Free Will Baptist Church, and their successors and assigns forever for the sole use and benefit of said church. Said St. John's Free Will Baptist Church being in the town of Kinston, N. C."

The proof showed that the property belonged to the testator and passed under this item of said will. That Roscoe B. Williams, plaintiff and devisee named in this item of said will, had become twenty-one years of age, and insisted that the property became vested in him in absolute ownership on his majority.

Defendants claimed and insisted that said estate, on death of Roscoe B. Williams without issue or children surviving, would belong to the said church. The court being of opinion with defendants, gave judgment for defendants and sustaining their demurrer filed to plaintiff's complaint. Plaintiff excepted and appealed.

*Dawson & Greene for plaintiff.*
*Rouse & Rouse for defendants.*

HOKE, J.   In 40 Cyc., at page 1506, it is laid down as a rule of inter-
pretation which very generally obtains in a devise of this character that
"where a gift over in case of death without issue is accompanied by a
gift over in case of death before arriving at a certain age, the dying
without issue will generally be restricted to the period before arrival at
the age specified, to aid which the word 'or' will be construed 'and.'"
This position was held to be controlling in *Dickinson et al. v. Jordan
and Blount,* 5 N. C., 380, a case not dissimilar to the one presented here,
and in the opinion, *Taylor, J.,* says:   "That on examination of the cases
on the subject, the point will be found completely settled, and the estate
was held absolute in the first taker on arrival at full age."   And, unless
in contravention of the clear purpose of the testator as otherwise ex-
pressed in his will, the principle stated has been recognized and approved
as the correct position in many of our decisions on the subject, and more
especially when the first taker, as in this case, usually considered as the
primary object of the testator's bounty, is his child and heir at law.
*Bell v. Keesler,* 175 N. C., 526; *Bank v. Murray,* 175 N. C., 62; *Ham
v. Ham,* 168 N. C., 486; *Dunn v. Hines,* 164 N. C., 113; *Burton v.
Conigland,* 82 N. C., 100; *Turner v. Whitted, etc.,* 9 N. C., 613; *Parker
v. Parker,* 46 Mass., 134-137.   In *Bell v. Keesler* the above quotation
from 40 Cyc. is approved, and the opinion quotes further from the
Massachusetts case of *Parker v. Parker,* where the rule of construction,
and in part the reason for it, is stated as follows:
   "'The manifest object of the testator was, we think, that if the son,
who was the first object of his bounty, should die without leaving chil-
dren to take after him, and whilst he was under age, so that he could
not make any disposition of the property on account of the incapacity
of nonage, then the testator intended to make disposition of it himself.
But if the son should leave no children, but still if he should arrive at an
age at which the law would allow him to dispose of real estate by his
own act by deed or will, then it was intended that the gift to him should
be absolute, and the devise over would fail.'"
   And in *Ham v. Ham, supra,* where the subject is discussed with
ability and learning, the Court held, among other things, that on a
devise of land to four sons, but should either of them die before arriving
at the age of twenty-one or without children surviving, the word "or"
should be read as "and," so as to require both contingencies to occur
before the limitation over should take effect and thus save the inheri-
tance to the child or children of any of the sons who should die under
age.

It was earnestly insisted before us that there were certain expressions in the will, and attendant facts relevant to its construction, which showed a manifest intention on the part of the testator that either or both contingencies should affect the estate till the son's death, but without special reference to these suggestions we think that they are entirely insufficient to displace this, a settled rule of interpretation, on the facts presented, and where in aid of such rule it appears that to uphold the position contended for by appellees would be to deprive the son and heir of any absolute ownership in his deceased father's property until his death. Under a proper application of the decisions referred to, and the principles they approve and illustrate, we must hold that on the record the estate of plaintiff, the son and heir at law of the testator, became vested in absolute ownership on his becoming of age, that the demurrer be overruled, and defendant's claim be declared invalid.

Our decision in no way conflicts with *Patterson v. McCormick,* 177 N. C., 448, to which we were referred by counsel. In that well considered case the Court was passing on a devise over on a death of the first taker without issue as controlled by our statute on the subject, and entirely unaffected by the presence of a double contingency, and which, on the facts of this record, require, as we have seen, a different rule of construction. There is error, and this will be certified that judgment be entered for plaintiff.

Reversed.