SARAH E. CHRISTOPHER ET AL. V. J. E. WILSON.

(Filed 19 December, 1924.)

**1. Estates—Contingent Remainders—Wills—Devise.**

A devise of an estate to the testator's grandchildren, the children of a named child, "and should either of my aforesaid grandchildren die without bodily heirs or before the age of twenty-one, then its or their interest to revert to the surviving ones or their bodily heirs," but should the aforesaid grandchildren all die without bodily heirs, then the property shall revert equally to the testator's children, etc.: *Held,* the devise is affected with two sets of contingencies, the first affecting the interest of the grandchildren, the first takers, *inter sese,* and the other, the primary estate as between the grandchildren and the testator's children, the word "or," in this respect, being construed as "and."

**2. Same.**

*Held,* under the facts of this case, that when the estate is vested under the terms of the devise in the grandchildren, the first takers, *inter sese,* it is subject to the further contingency, the death of all of the grand-children without bodily heirs, having reached the age of twenty-one.

**3. Same—Substitution of Beneficiaries—Deeds and Conveyances.**

Where the grandchildren, or the child of such as may be dead, etc., take an estate from the testator upon contingency that the grandchildren die without leaving bodily heirs, etc., with limitation over to the testator's children: *Held,* the children of the testator's grandchildren who may take thereunder acquire the estate, not as heirs of their parents or as a limitation upon the present estate, but by way of substitution directly under the will; and until the death of all of the grandchildren, or at least one of them leaving issue, it cannot be known or ascertained who are the owners under the ultimate devise, and until then an indefeasible fee-simple title of the entire interest cannot be conveyed. *Hobgood v. Hobgood,* 169 N. C., 485, cited and distinguished.

CONTROVERSY without action, submitted and determined before *Shaw, J.,* at October Term, 1924, of MECKLENBURG.

From the case agreed it appears that defendant has contracted to buy from plaintiffs, at a stipulated price, a certain lot in the city of Charlotte, N. C., fully set out and described, on condition that plaintiffs can make a good title.

The facts pertinent to the validity of the title are as follows:

1. That in 1885 Elizabeth M. Huneycutt, of Mecklenburg County, died, owning said lot in fee and making disposition of same by her last will and testament, as follows:

2. "Second. I give and devise to my beloved grandchildren (the children of my deceased daughter, Mary A. C. Rigler), viz., Sarah Elizabeth Rigler, Minnie Louisa Rigler, and Charles Edward Rigler, the house and lot fronting 45 feet on 'C' Street, adjoining the lot of John T.

Schenck and running back to the line of James F. Moody; and should either of my aforesaid grandchildren die without bodily heirs or before the age of twenty-one years, then its or their interest shall revert to the surviving ones or their bodily heirs; but should the aforesaid grandchildren all die without bodily heirs, then this property shall revert and belong equally to my children and their lawful heirs."

3. That the plaintiffs, Minnie Louisa Osborne, Sarah Elizabeth Christopher, and Charles Edward Rigler, are the original devisees named in item 2 of the will of said Elizabeth M. Huneycutt; that all of said plaintiffs are over the age of twenty-one years; that Sarah Elizabeth Christopher is married and has five children, all living; that Minnie Louisa Osborne is married and has two children living; that Charles Edward Rigler is unmarried and without issue.

4. That the said Elizabeth M. Huneycutt left surviving her the following named children, namely: R. F. Huneycutt, A. J. Huneycutt, Susan Garibaldi, Mary Rigler, Sarah Klontz, Margaret Rigler, and Tobithia Oxenham.

5. That Margaret Rigler (widow) and Tobithia Oxenham were the only ultimate devisees living at the time of the execution of the deed hereinafter referred to, all other ultimate devisees having died several years prior to said date; that A. J. Huneycutt is dead, leaving one son, Joseph F. Huneycutt, who was over the age of twenty-one years at the date of the execution of the deed hereinbefore referred to, as his sole heir at law; that R. F. Huneycutt is dead, leaving surviving him seven children, namely, J. E. Huneycutt, Charles F. Huneycutt, Minnie Ray, Hattie P. Huneycutt, Maggie M. Dwyer, Sue F. Brooks, and Claude E. Wiggins, all over the age of twenty-one years, as his sole heirs at law; that Sarah Klontz is dead, leaving surviving her four children, namely, Nellie Klontz Ledford, Ernest Klontz, Lizzie Klontz, and Bryan Klontz, all over the age of twenty-one; that Mary Rigler is dead, leaving surviving her the plaintiffs in this action as her sole heirs at law; that Susan Garibaldi is dead, and left no children or representative of a child or children.

6. That on 1 September, 1923, Margaret Rigler (widow), Tobithia Oxenham (and husband, W. H. Oxenham), Joseph H. Huneycutt (and wife, Loma Huneycutt), Nellie Klontz Ledford (and husband, T. P. Ledford), Lizzie Klontz (single), Ernest Klontz (single), Bryan Klontz (single), J. E. Huneycutt (and wife, Annie V. Huneycutt), Charles F. Huneycutt (and wife, Mollie Huneycutt), Minnie Ray (widow), Hattie P. Huneycutt (single), Maggie M. Dwyer (and husband, John T. Dwyer), Sue F. Brooks (and husband, Edward A. Brooks), and Claude E. Wiggins (and husband, Joe W. Wiggins), being all of the remaining ultimate devisees and the sole heirs at law

of such ones as are deceased, named in item 2 of the will of the said Elizabeth M. Huneycutt, for proper and legal consideration, executed and delivered to the plaintiffs, Sarah E. Christopher, Minnie L. Osborne, and Charles E. Rigler, a certain paper-writing, by the terms of which the said grantors did grant, bargain, sell and convey unto the plaintiffs, their heirs and assigns, all their right, title and interest which they now or may hereafter have in and to the lot of land described in paragraph 1, said deed being recorded in the office of the register of deeds for Mecklenburg County, in Book 526, page 300.

7. That Margaret Rigler, one of the living ultimate devisees, is now sixty years of age, and Tobithia Oxenham, the other living devisee, is fifty-six years of age.

8. That the grantors in the deed referred to in paragraph 7 constitute all of the ultimate devisees and the sole heirs at law of such ones as are deceased, mentioned in item 2 of the will of the said Elizabeth M. Huneycutt, and also the wives and husbands of such ones as are married.

Upon these facts, the court being of opinion that the title offered, being the fee-simple deed of the original devisees under the second item of the will, and as described in fourth statement of facts as agreed, there was judgment for plaintiffs for the purchase price; and defendant, having duly excepted, appealed.

*J. L. DeLaney for plaintiffs.*
*J. Laurence Jones for defendant.*

HOKE, C. J. The validity of the title offered depends largely on the correct interpretation of clause 2 of the will of Elizabeth Huneycutt, former owner, in terms as follows:

"I give and devise to my beloved grandchildren (the children of my deceased daughter, Mary A. C. Rigler), viz., Sarah Elizabeth Rigler, Minnie Louisa Rigler, and Charles Edward Rigler, the house and lot fronting 45 feet on 'C' Street, adjoining the lot of John T. Schenck and running back to the line of James F. Moody; and should either of my aforesaid grandchildren die without bodily heirs or before the age of twenty-one years, then its or their interest shall revert to the surviving ones or their bodily heirs; but should the aforesaid grandchildren all die without bodily heirs, then this property shall revert and belong equally to my children and their lawful heirs."

Considering the clause in connection with the pertinent and explanatory facts, it appears that the devise contained therein is subject to two sets of contingencies, the first affecting the estate and interest of the primary takers, the grandchildren therein named *inter sese,* and the other, the primary estate as between these grandchildren and testator's

children, the ultimate takers of the estate on contingency. In regard to the contingencies first specified carrying the estate of either grandchild to the others, if he should die without bodily heirs or before the age of 21 years, it has been held with us, as the general rule, and in cases where the question was fully considered, that the word "or" shall be construed to read "and" and the estate would be relieved of the defeasance on the happening of either contingency. *Pilley v. Sullivan,* 182 N. C., 492; *Williams v. Hicks,* 182 N. C., p. 112; *Bell v. Keesler,* 175 N. C., p. 525; *Ham v. Ham,* 168 N. C., p. 486. This being the approved principle and the facts showing that all of the grandchildren have arrived at the age of 21, the first contingencies, those affecting the estate of the primary takers *inter sese* are thereby removed and the estate vests in these grandchildren and their heirs—but subject to the second contingency, that if all of these grandchildren die without bodily heirs then the property shall revert to the testatrix's children, etc., "and their lawful heirs." Under such interpretation the estate held by the grandchildren, the first takers, constitutes a defeasible fee and under numerous decisions dealing with the question on the happening of the contingency, the death of all them without bodily heirs, the estate would pass to the ultimate takers, not as a limitation of the present estate, but by way of substitution and under which the ultimate takers hold directly from the devisor. And from this it follows, in our opinion, that plaintiffs are not now in a position to make a good title to the property for, on the facts presented, until the death of these first takers, or at least one of them leaving issue, it cannot be known or ascertained who are the owners under the ultimate devise, or whose deed would be sufficient to assure the title. *Hutchinson v. Lucas,* 181 N. C., p. 53; *O'Neal v. Borders,* 170 N. C., p. 483; *Burden v. Lipsitz,* 166 N. C., p. 523; *Sessoms v. Sessoms,* 144 N. C., p. 121, 125; *Whitfield v. Garris,* 134 N. C., p. 24.

The case of *Baugham v. Trust Co.,* 181 N. C., p. 406, is apparently in conflict with this position, but the cases cited in support of that decision are as to estates in remainder, which operate as limitations on the first estate and involving chiefly. the question of when the ulterior limitations would vest and do not seem applicable to a devise such as this, where one line or stock of owners is substituted for another, where the claimants, the ultimate takers are not known and cannot be presently ascertained, and when, as a rule, they are required to fill the description at the time their estate vests.

Recognizing that the true construction of the devise would affect the estate of the first takers with a contingency that still prevails, the plaintiffs contend that the title is fully assured by the deeds of the two surviving children of the devisor and the lawful heirs of such as have

died, under the principle approved in the case of *Hobgood v. Hobgood,* 169 N. C., p. 485. In the *Hobgood case* the ultimate takers were four nephews living and designated by name and it was held that they having conveyed all their interest and title to the primary holders of the defeasible fee, such holders were in a position to give a good title, the deed of the ultimate owners being effective to conclude their heirs whoever they might be. And the principle has been affirmed and approved in *Malloy v. Acheson,* 179 N. C., p. 90; *Williams v. Biggs,* 176 N. C., p. 48; *Kornegay v. Miller,* 137 N. C., p. 659, and other cases. But here the ultimate takers are the children and the heirs of such as have died since the death of the devisor, these heirs are not known and cannot be now ascertained for they must fill the description of the devise and show themselves heirs of the children of testatrix at the time the estate would devolve upon them, and this cannot be shown until the termination of the preceding estate.

Speaking to the question in *Hobgood's case, supra,* the Court said: "In *Kornegay's case,* as in this, the ultimate devisees were ascertained and designated by name, and they having the contingent estate, it was held that they could convey it, and their descendants or heirs, having to claim through them, were concluded by the deed of the ancestor. *Kornegay v. Miller, supra; Bodenhamer v. Welsh,* 89 N. C., p. 78. But in *Burden's case* the ultimate takers, designated in the devise as 'the heirs of the devisor,' were not known nor could they be ascertained till the preceding estate had terminated."

True it is stated in the case argued that the two surviving children had made a deed conveying all their interest to the primary takers, the holders of the defeasible fee, but these are only two of the children, the others having died leaving lineal heirs—and these heirs also have made a deed of their interest, but while they are heirs now of the deceased children of the devisor, they may not be such when the preceding estate falls in—and the case, therefore, comes directly within the principle of *Hutchinson v. Lucas, supra; Borden v. Lipsitz, supra,* and that line of decisions and under which plaintiffs are at present prevented from conveying a valid title.

In *Barnitz's Lessee v. Casey,* 11 U. S. (7 Cranch's), pp. 456, 469, *Associate Justice Story* discussing the transmissibility of an executory devise not dissimilar to this and how and when the ultimate takers may be ascertained, said:

"In the next place it will be necessary to consider what is the nature of an executory devise as to its transmissibility to heirs, where the devisee dies before the happening of the contingency.

And it seems very clear that at common law, contingent remainders and executory devises are transmissible to the heirs of the party

to whom they are limited if he chance to die before the contingency happens. Pollexfen 54. 1 Rep., 99. Cas. Tempt. Talb., 117. In such case, however, it does not vest absolutely in the first heir so as upon his death to carry it to his heir at law, who is not heir at law of the first devisee, but it devolves from heir to heir, and vests absolutely in him who only can make himself heir to the first devisee at the time when the contingency happens, and the executory devise falls into possession."

For the reasons stated, we are of opinion that the judgment of the lower court should be reversed and it is so ordered.

Reversed.