F. L. JORDAN, *Executor* v. F. L. JORDAN, *in his own right, et al.*

(No. 8596)

Submitted September 8, 1937. Decided October 12, 1937.

*V. R. Shackelford, Martin & Seibert* and *Clarence E. Martin, Jr.,* for appellants.

*I. P. Whitehead, P. G. Jefferson* and *William Beasley,* for appellee Federal Land Bank of Baltimore.

*Forrest A. Brown,* for appellee Thomas Sublette Jordan.

MAXWELL, JUDGE:

This is an appeal from a decree of the circuit court of Jefferson County construing a will which reads, in full, as follows:

"I, Charlotte H. Sublette a resident of Jefferson County, State of West Virginia make this my will.

"To my husband Thomas E. Sublette I give my estate of whatever kind I die possessed after my just debts are paid during his natural life. After his death I give the said estate to my child Charlotte Elizabeth Sublette and the heirs of her body forever. Should the said Charlotte Elizabeth Sublette die before coming of age or without heir or heirs of her body, then I give the same estate to the children of my two cousins Sarah E. Campbell and Mary J. Terrill to be equally divided between them. But nothing to be given or divided during the life of my husband Thomas E. Sublette.

"Given under my hand and seal this fourth day of April, 1882.

CHARLOTTE H. SUBLETTE (Seal)"

The testatrix died in 1887 but her will was not probated until 1905.

When the will was executed, Charlotte Elizabeth was a child of seven years. After reaching maturity she married Frank L. Jordan. She died at age fifty-nine without issue. The problem is whether she became seized of an unqualified fee at the age of twenty-one years, or whether the fee did not then become indefeasibly vested and was later defeated by her dying without issue.

If Charlotte Elizabeth's title was in fee simple after she attained her majority, her subsequent alienees became vested with full title to the parcels she conveyed to them, and, as to parcels undisposed of by her the title, at her death, passed under her will to her adopted son, Thomas Sublette Jordan, subject, in part, to a life estate which she devised to her said husband, and to certain encumbrances.

The circuit court held that under her mother's will, Charlotte Elizabeth became vested with title in fee simple to the land devised to her, "defeasible only upon her dying both under age and without heir or heirs of her body", and that upon her having attained the age of twenty-one years the said fee simple estate became "vested in her absolutely and indefeasibly, and the limitation over to the children of the testatrix' two cousins, Sarah E. Campbell and Mary J. Terrill, failed to take effect * * *."

We fully concur in the opinion and conclusion of the trial chancellor.

In both England and the United States, there is a well settled rule of testamentary construction that in a devise to a person with limitation over in case he die before attaining a designated age, *or* without issue, the "or" shall be construed as "and" in order to vest the estate in the devisee upon his reaching the age of twenty-one years, unless a contrary intention appears from the will. *Brewer* v. *Opie*, (Va.) 1 Call. 212; *Toothman* v. *Barrett*, 14 W. Va. 301, 311; 1 Jarman on Wills (6th Ed.), p. 601; 40 Cyc., p. 1506; 69 Corpus Juris, p. 326. The holdings are emphatic that where such devisee attains the age of twenty-one years, his fee becomes absolute and indefeasible though he later die without issue. The cases are legion. *Fairfield* v. *Morgan*, 127 English Reprints, 535; *Eastman* v. *Baker, idem,* 799; *Right* v. *Day*, 104 English Reprints, 1014; *Williams* v. *Hicks*, 182 N. C. 112, 108 S. E. 394; *Christopher* v. *Wilson*, 188 N. C. 757, 125 S. E. 609; *Shands* v. *Rogers*, (S. C.) 7 Rich. Eq. Rep. 422; *Shreve* v. *MacCrellish*, 60 N. J. Eq. 198, 46 A. 581; *Orem* v. *Campbell*, 175 Ky. 210, 194 S. W. 113; *Kindig's Exrs.* v. *Smith's Admr.*, 39 Ill. 300; *Holcomb* v. *Lake*, 25 N. J. L. 605; *Tennell* v. *Ford*, 30 Ga. 707. Consult annotation 25 L. R. A. (N. S.) 1156.

In the light of the unanimity of decision that the stated rule is applied as well where the first taker attained full age and then died without issue, as when he died under age leaving issue, the position and contention at bar of the collateral kindred (contingent remaindermen) can-

not be sustained. The canon of construction here involved has become a rule of property on which many titles depend. It must not be departed from by judicial decree.

Appellants, controverting the holding and decree of the trial chancellor, rely strongly on the case of *Gray* v. *Francis*, 139 Va. 350, 124 S. E. 446, 447, wherein, under a devise bearing similarity with the one at bar the word "or" was given its ordinary meaning, the court declining to interpret it as "and". It is urged here that that case is of parity with the instant case. We think not. The Virginia court recognized the general rule above stated but held that the facts placed the case outside the rule. Item seven of that will read: "I desire if either or any of my sons shall die under age or without leaving lawful heir or heirs that his portion of land shall go to my other sons, and also if either one of my daughters shall die without leaving lawful heirs that her portion of property shall go to the surviving daughters." In discussion of that item the court said: "Moreover, taking the will by its four corners—reading it as a whole—we find the general intention of the testator clearly expressed in item 7, the concluding devisory clause of the will, to impose the limitation upon the estate of all of his children in all of the property, personal as well as real, devised and bequeathed to them, respectively, that all of the respective estates should cease and determine upon the happening of the event of any of them, respectively, dying without issue at any age, whether under or over the age of twenty-one years, and to provide for the limitation over, in that event, of the respective estates to others, namely, the estates in the real estate to the other sons, and the estates or interests in the personal estate to the other daughters. This intention being clearly expressed, the court is powerless to do otherwise than to carry it into effect, unless the contrary intention is found to be elsewhere expressed in the will. The contrary is nowhere else expressed in the will."

In the will at bar there is no language inconsistent with the general rule which we have invoked. For example: "After his (husband's) death I give the said estate

to my child Charlotte Elizabeth Sublette and the heirs of her body forever." This denotes strong preference for Charlotte and her heirs as against all the rest of the world. This is true though there be not imputed to the testatrix knowledge of the technical effect of the words "and the heirs of her body forever"—a fee tail converted by statute into a fee simple.

In our judgment there is nothing in the will to control the construction in a manner contrary to the general rule. Not only so, we are impressed that it is necessary to invoke the general rule in order to support the evident meaning of the testatrix as disclosed by the entire phraseology employed by her.

For reasons above set forth we affirm the trial court's decree.

*Affirmed.*