TayIiOS, Judge,
 

 delivered the opinion of the Court:
 

 By the will of William Spier, an absolute fee-simple is given to his grandson, William S. Stewart $ by the
 
 *382
 
 codicil, this is converted into a contingent fee, which is to pass to the testator’s other grandson, John Spier, in tjje event 0f (|ie first devisee’s dying under age
 
 or
 
 without leaving issue. According to a literal construction of the will, the occurrence of either event would vest the estate in John Spier : but it is evident that such was not the testator’s intention, and this intention ought always to be effectuated, when it docs not contravene tiie rules of Law. He could not have intended that the issue of William Spier Stewart should be deprived of the estate, if their father died under
 
 age;
 
 for that would operate to take all from those who appear to have been the principal objects of his bounty; yet such would be the effect of a literal interpretation of the will. His intention seems to have been, that the fee should remain absolute in Willi aril S. Stewart on the happening of either event, either his leaving issue or.attaining to lawful
 
 age;
 
 or, in other words, that both contingencies, to wit, his dying under age, and without leaving issue, should happen, before the estate vested in John Spier. To give effect to this intention, it is necessary to construe the disjunctive
 
 or,
 
 copulatively ; and there are various, clear and direct authorities, which place the power of the Court to do this, beyond all doubt. Only a few of those cases need be cited. Soulle
 
 v.
 
 Gerard,
 
 *
 
 was a devise to one of four sons, and his heirs forever, and if he died within age,
 
 or
 
 without issue, to his three other sons jointly. The devi-see had issue a daughter, and died within age, and it was adjudged that he took an estate-tail. In the case of Wright
 
 v.
 
 Kemp,
 
 †
 
 Lord Kenyon thus expresses himself:
 
 i(
 
 There is no doubt of the intention of the parties,' and where sense requires it, there are many cases to shew that we may construe tiie word
 
 or
 
 into- and, and
 
 and
 
 into
 
 or
 
 — a
 
 Stra. 1175,
 
 3
 
 Atk.
 
 390 — in order to effectuate the intention of the parties. Hence, therefore, in order to give effect to the intention of the surrenderor, we must say, that when he used the word
 
 or
 
 he meant
 
 and:
 
 and
 
 *383
 
 there is no case iwheré,.any difference has. been raadeT>e-tvvccn a will and a deed, where the Court are considering how the intention, of the parties can be effected.” .
 

 A. being seised of lands liolden upon leases for lives, devised to B, his brother, all his real and freehold estates, subject to. an annuity to his mother for her life $ but in case B; should die before he attained the age of twenty-one years,
 
 or
 
 without issue living at his death, to bis mother forever. A. died, B. attained the age of twenty-one years, and then died without issue. It was field, that the word or, in the devise over, must be construed as and,.and that the mother took nothing upon the death of B.
 
 *
 

 In examining the many cases upon this subject, the point will be found to be completely settled» It is therefore unnecessary to multiply authorities : it is clear upon principle and precedent, and we have, no hesitation in saying that judgment ought to be rendered for the Plaintiff. ' .
 

 *
 

 1 Cro.
 
 525.
 

 †
 

 3 Term Rep.
 
 470
 

 *
 

 5 Bosan. & Pul.
 
 37.