At February Term, 1838, it appeared that "On motion in court and by consent of parties it is ordered that the judgment against the defendant set aside at August court, 1837, be reinstated, that the parties may avail themselves of all the legal rights which they then had in relation to said judgment, the counsel of the parties not agreeing as to the terms upon which the judgment was then set aside. It is further ordered that the entries upon the several dockets respecting said judgment made at August court, 1837, be stricken out." *Page 38 
The defendants then moved to set aside the judgment obtained in this cause at May Term, 1837, upon the ground that the plaintiffs had deceived him with respect to the amount of their claim, and that in consequence thereof he had not assets sufficient to satisfy the same, but only $460 thereof. The plaintiff's counsel protested against the allowance of this motion because his clients who resided out of the State had no notice of it, and because the court had no jurisdiction to sustain such motion. But the court decided that if the defendant would pay into the clerk's office for use of the plaintiffs the sum of $460 the judgment should be set aside and a new trial granted; and upon the defendants complying with the terms the judgment was set aside accordingly and the plaintiffs appealed to the Superior Court, where, on the last circuit before his Honor, Judge Pearson, the order of the county court from which the appeal was taken was reversed and a procedento awarded, directing that the plaintiffs should have execution on their judgment obtained (48) at May Term, 1837. From this judgment of the Superior Court the defendant appealed to the Supreme Court.
The difficulty in this case is to understand the entry on the record of the county court upon the rendition of the verdict at the May Term, 1837. "The defendant is entitled to a credit to be ascertained by M. Ferrall and J. H. Simmons, and the clerk is then authorized to enter a remittitur; judgment of the court accordingly, and for costs." It is insisted on the part of the plaintiffs that the fair interpretation of it is that judgment was then rendered for the amount of the verdict and costs of suit, with an agreement to credit the judgment with an amount which had not been credited in taking the verdict, and which was to be ascertained by M. Ferrall and J. H. Simmons. By the defendant it is insisted that no judgment was then rendered, because the balance for which a judgment ought to be rendered had not been ascertained — that the amount of the plaintiffs' claim was indeed ascertained by the verdict, but that of the defendant's credit was to be ascertained by reference — and that on the report of these referees of the amount of this credit, then that the clerk was to enter a remittitur of so much of the damages as were found by the verdict, and a judgment accordingly for the balance, and the costs. One cannot be certain which of these constructions is the true one, but the court is inclined to adopt the latter. The words "judgment of the court accordingly and for costs" are not found in their proper place if the former were the meaning of the parties, it would have been natural under that sense of the agreement to *Page 39 
have entered them immediately after the verdict, and before the reference. Besides, a "remittitur" is the appropriate term for a relinquishment of part of damages found by a verdict before entry of a judgment, and not for a credit on the judgment itself. And the words "judgment accordingly," by the grammatical structure of the sentence would seem to be governed by the phrase "authorized to enter."
We have said that the interpretation of this entry is the only (49) matter of doubt. For if the plaintiffs' construction were right we hold unhesitatingly that the county court had not the power at a succeeding term to set aside a judgment thus regularly entered. If the defendants construction be right then no judgment was rendered at that term, and the court had power at the succeeding term, upon satisfactory cause shown, to set aside what was called a judgment, but was in truth an agreement for a judgment which had not yet been rendered, and ordering a new trial. The motion is regarded as made at the next or August Term, because though moved at the February Term, 1838, it was under the agreement of the parties that they were to be severally remitted to their rights as of the August Term, 1837.
If the county court had the power to make the order appealed from, the Superior Court acted erroneously in reversing it, for the latter could not supervise the discretion of the former in making the order. We have no doubt but that the Superior Court did not attempt to control that discretion, but acted upon the ground of a supposed excess of authority in the county court. The judgment of the Superior Court must be reversed, with costs.
PER CURIAM. Judgment reversed.
Cited: Moore v. Hinnant, 90 N.C. 166.
(50)