Battle, J.
Elizabeth Simpson died in the year 1804, leaving a will in which was contained the following clause : It is my will and desire that the other half of my estate as aforesaid, to wit: consisting- of notes, bonds, negroes, &o. I give the same unto Joseph Brickell and Sarah Brickell his wife for and during their joint lives and to the survivor for life, and upon the death of the said Joseph and Sarah Brick-ell, I will the aforesaid one half of-notes, bonds, negroes. &c, unto the children.of the said Joseph and Sarah Brickell to be equally divided between them or the survivor of them their heirs and assigns forever.” Joseph Brickell and Sarah his wife had at the death of the testatrix three children and never had any others. Sarah Brickell, who was the daughter of the testatrix, survived her husband many years and died in the year 1852. Of the three children Joseph J. Brickell died without issue in the life time of his mother. Sarah S. married John Norcott and died leaving one child who died without issue in the life time of his grand mother. Martha married Gould Hoyt and is still living. The question presented by the pleadings is, whether, upon the death of Elizabeth Simpson, the testatrix, the property bequeathed by the above recited clause of her will, became vested in the children of Joseph and Sarah Brickell so that upon the death of two of them, in the lifetime of the mother, their interests devolved upon their respective representatives, or did it remain suspended, during the life of Sarah Brickell and upon her death vest in her sole, surviving child, Martha, the wife of the defendant, Gould Hoyt.
*163 Upon the question, to wbat period words of survivorship contained in wills, are referrable, many decisions have been made by the Courts both of England and this country. It would be a needless task to attempt a review of all the cases, and a difficult one to extract from them a principle by which to reconcile them one with another. In looking over tho English cases on the subject, it will be found that the rule of construction varied at different times, and it was not until the year 1819, that one was established which was so founded upon reason and convenience as to secure the approbation of the Courts, and to lay down a principle for futuie guidance. In Cripps vs. Wolcott, 4 Madd. Rep. 11, which came before vice Chancellor Leach in that year the case was that a testatrix devised and bequeathed her real and personal estate, in trust for her husband for life, and after his decease, directed that her personal estate should be equally divided between her two sons, Arthur and George, and her daughter Ann, and the survivors or survivor of them, share and share alike. Arthur died in the lifetime of the husband, and George and his sister surviving the life-tenant, claimed the whole. The vice Chancellor said : “ It would be difficult to reconcile every case upon this subject. I consider it however to be now settled, that if a legacy be given to two or more, equally to be divided between them, or to tho survivors or survivor of them, and there be no special intent to be found in the will, that the survivorship is to be referred to the period of division. If there bo no previous interest given in the legacy, then the period of division is the death of the testator, and the survivors at his death will take the whole legacy. This was the case of Stringer vs. Phillips, 1 Eq. Cas. Ab. 292. But if a previous life estate be given, then the period of division is the death of the tenant for life, and the survivor at such' death, will take the whole legacy. This is the principle of the cited cases of Russel vs. Long 4 Ves. 551 — Daniel vs. Daniel 6 Ves. 297 — and Jenour vs. Jenour 10 Ves. 562.— *164 In Bindon vs. Lord Suffolk 1 p. Wms. 971 Brow. Par. Cas. 189, the House of Lords found a special intent ifi the will, that the period of division should be suspended until the debts were recovered from the Crown ; and they referred the sur-vivorship to that period. The two cases Roebuck vs. Dean 2 Ves. Jun. 265 and Perry vs. Woods 3 Ves. 204, before Lord Rosslyn, do not square with the other authorities.— Here there being no special intent to be found in the will, the terms of survivorship are to be referred to the death of the husband, who took a previous life estate.”
Tlie rule of construction, thus clearly enunciated, is so applicable to the case before us, where the division is directed to be made among the children of Joseph and Sarah Brickell upon their deaths, that we can have no hesitation in deciding in favor of the child who w:as the survivor at that time, unless we find that the rule has been since overruled. The question then is, has it been overruled ? So far from it Mr. Jarman says, it was so reasonable and convenient for general application that subsequent Judges adopted and followed it; instances of which are to be found in the cases of Gibbs v. Tait, 8 Simons 132, and Blewitt v. Stanffers, 9 Law Journ. N. S. ch. 209. Mr. Jarman after noticing these and other cases upon this branch of the subject of limitations to survivors, concludes thus : “In this State of the recent authorities, one scarcely need hesitate to affirm, that the rule which reads a gift to survivors simply as applying to objects living at the death of the testator, is confined to those casen in which there is no other period, to which survivorship can be referred; and that when such gift is precluded by a life or other prior interest, it takes effect in favour of those who survive the period of distribution, and those only.” 2 Jarman on Wills 651. Such, too, was undoubtedly the conclusion to which this court came in the recent case of Hilliard v. Kearney, Busb. Eq. Rep. 221. In their decision the Court say that the defendant would be entitled whether “ the legacies became absolute at *165 the death of the testator, or at the death of the widow, or at the death of the first daughter, or, at all events, when all died except two.” See the case at page 229. But in discussing the subject the Court concludes that: When the estate is de-feasible, and no time is fixed on at which it is to become absolute, and the property itself is given and not the mere use of it, if there he amp intermediate period, between the death of the testator and the death of the legatee, at which the estate may fairly be considered absolute, that time will be adopted.” “ If there he no intermediate period, and the alternative is either to adopt the time of the testator’s death, or the death of the legatee generally, at some time or other whenever it may happen, as the period at which the estate is to become absolute, the former will be adopted, unless there be words to forbid it, or some consideration to turn the scale in favor of the latter.”
The remainder of the discussion is confined mainly to the latter proposition, as will be seen, by what is said on page 231. “ Putting out of view the policy of the law, which favors the.absolute enjoyment and right to dispose of property, cmd admitting, for the sake of argument that no intermediate period can he adopted, so as to avoid an issue, between the time of the testator’s death and that of the legatees, as the period when the legacies are to become absolute, the weight of authority is decidedly in favor of the former.” It is manifest that the establishment of the latter proposition does not in the slightest degree affect the former, to-wit: That where there is an intermediate period between the death of the testator and the legatee, that period will be adopted as the time when the legacy will be considered absolute. This appears not only from what had already been stated, but also by what is found on page 232, where the hypothetical ease is dropped, and the actual case is again considered. “ If the testator’s death be not adopted as the period for the legacies to become absolute; the rule laid down by Mr. Smith, requires the adop *166 tion of tbe earliest period afterwards, which, is not forbidden by the words, or a necessary implication. This period is presented at the death of the tenant for life, or when the daughter died without a child. The words are then satisfied, and, so far from their being a necessary implication to forbid it, there is a necessary implication requiring it.” In the will now under consideration, such an intermediate period is fixed upon and expressed in clear and unequivocal terms. The division of the property is to be made upon the death of Joseph Brickell and his wife — it is to be then made between their children or the survivor of them. It is distinguished . from many of the cases cited by the plaintiff’s counsel, by the total silence of the will as to one of the children dying without an heir, or dying without issue. In all material respects it is identical with the case of Cripps v. Walcott, ubi supra, where it was held that the children, who survived the life tenant, took the whole. The rule established in that case, we approved in the case of Hilliard v. Kearney, and we feel bound to follow it. The bill must be dismissed with costs.
Per Curiam. Decree accordingly.