J. A. BIZZELL AND WIFE, RUTH BOND BIZZELL, v. MUTUAL BUILDING AND LOAN ASSOCIATION.

(Filed 4 October, 1916.)

1. **Wills—Interpretation—"Lawful Heirs"—Children—Contingent Interests—Defeasible Fee— Estates.**

A will should be construed as a whole and to give effect to every part; and in a devise to a granddaughter, S., of a certain house and lot, but

should she die without lawful heirs, to certain named of the testatrix's other grandchildren, to construe the word "heirs" as general heirs, and vest the fee simple in S., would be to render other terms of the will meaningless; and construing the will to arrive at the intent of the testatrix, it is *Held*, that the word "heirs" meant "children," and that S. took a defeasible fee, to be divested if she die without leaving children surviving her.

**2. Same—Lapsed Devise—Intestacy.**

A devise to S. of certain lands in fee, defeasible upon her death without children, in which event to go to those of her brothers, by name, one of whom died in the testatrix's lifetime without having married, and S. and her other two brothers are now living and the sole heirs at law of the testatrix: *Held*, the testatrix died intestate as to the contingent interest of the deceased brother of S., one-third of which would vest in S.; and pending the happening of the event which would divest the title of S. to the other two-thirds, she cannot make a good and indefeasible fee-simple title to the entire property.

CONTROVERSY without action, submitted under Revisal, sec. 803, to *Allen, J.,* in the Superior Court of LENOIR, August Term,. 1916.

From the judgment rendered, the defendant appealed.

*C. M. Allen* for plaintiff.
*Loftin, Dawson & Manning* for defendant.

BROWN, J. The only question involved in this controversy is the estate that the plaintiff Ruth Bond Bizzell takes under the will of her grandmother, Susan J. Bond. Said plaintiff is the wife of her coplaintiff, and they have one child, now 4 years of age. The clause of the will reads as follows:

"Second, I bequeath to my beloved granddaughter, Ruth Bond, my house and lot situated on East Street in the city of Kinston, North Carolina. Should said Ruth Bond die without lawful heirs, said house and lot to go to Clarence Bond, Paul Bond, and William Bond, my grandchildren."

His Honor held that Ruth Bond, the plaintiff, took an estate in fee in the whole, and could, therefore, make a good title to the property. In this we think there was error.

The word "heirs" as used in the will evidently means children, and was used in that sense by the testator; else it is meaningless. The will should be construed as a whole so as to give effect to every part of it. It was, therefore, erroneous for the learned judge to discard entirely the limitation over to testator's grandchildren.

It is well settled that where the context of the will indicates that the testator used the word "heirs" in the sense of children, the courts will so construe the will as to give effect to the intention of the testator,

which is a cardinal rule in the construction of wills. *Smith v. Lumber Co.,* 155 N. C., 389; *Smith v. Proctor,* 139 N. C., 322.

The ulterior limitation to testator's other grandchildren plainly indicates that the testator intended that her granddaughter's estate should terminate at her death if she should die without leaving children. Whether she will die leaving children cannot be determined until *feme* plaintiff's death. She thus takes a defeasible fee, that is to say, a fee-simple estate, to be divested if she dies without leaving children surviving her. *Whitfield v. Garris,* 131 N. C., 148, and 134 N. C., 25, on rehearing.

It is stated in the record that William Bond, mentioned in the will, died before the testator, having never married. The testator, therefore, died intestate as to the contingent interest devised to him.

According to the record, Ruth Bond, the *feme* plaintiff, Clarence Bond, and Paul Bond, children of W. R. Bond, deceased, are the sole heirs at law of their grandmother, Susan J. Bond, the testator. Thus the said plaintiff is seized of a present estate in fee as to one-third of the lot and of a defeasible fee as to the other two-thirds. She, therefore, cannot convey a good and indefeasible title to the entire property to defendant.

Reversed.