## ISAAC SMITH v. B. P. PARKS.

### (Filed 13 November, 1918.)

**Estates—Defeasible Fee—Heirs of the Body—Statutes—Deeds and Conveyances.**

> The interpretation that a deed for life and then to "the surviving heirs of her body" conveys the fee-simple title, under our statute (Revisal, sec. 1578), does not apply when the grantor uses the additional words, "but should she die without leaving such heir or heirs, then the same is to revert back to her nearest of kin according to law," for then the intent is manifest that the conveyance is of a defeasible fee depending upon whether the first taker died without leaving children surviving her.

APPEAL by plaintiff from *Daniels, J.,* at May Term, 1918, of WAYNE. This is a controversy without action.

The facts are as follows: Moses Crow died in 1883, leaving a last will and testament, devising to his daughter, Aby Smith, in fee simple, two tracts of land, embracing the 70¼ acres which is the subject-matter of this controversy. This will was written in 1880. In 1890 a deed dated 27 March, 1875, was proven and recorded, whereby Moses Crow purported to convey the same land to Aby Smith, and it is because of this deed appearing on record that this controversy has arisen. In 1912 the plaintiff acquired title to 70¼ acres, conveyed to him by his mother, Aby Smith, for a valuable consideration, and recently the plaintiff and defendant have entered into a contract, whereby the defendant has agreed to purchase said land for $5,000, but has refused to accept the deed tendered by the plaintiff, on account of the uncertainty as to the quality of the estate the plaintiff can convey.

The *habendum* in the deed of 1875 is as follows:

"For and during the term of the natural life of the said party of the second part, as aforesaid, and at her decease, I give and bequeath to the surviving heirs of her body, if any, all of the above mentioned and described premises; but should she die without leaving such heir or heirs, then the same is to revert back to her nearest kin, according to law."

The plaintiff contended that said deed conveyed a fee-simple absolute, and the defendant that it conveyed a life estate, or at most a defeasible fee.

His Honor held that the deed did not convey a fee-simple, and rendered judgment accordingly, and the plaintiff excepted and appealed.

*Langston, Allen & Taylor for plaintiff.*
*Teague & Dees for defendant.*

ALLEN, J. It is clear that the deed in question would have conveyed a fee-simple absolute, under the authority of *Price v. Griffin,* 150 N. C.,

523, if nothing appeared after the words, "surviving heirs of her body," which, under the statute abolishing estates in tail and converting them to estates in fee (Rev., sec. 1578), means the same as "surviving heirs"; but the decision in *Williams v. Blizzard,* at this term, construing language in a deed equally favorable to the contention of the plaintiff, makes it imperative to hold that the concluding words, "if any, all of the above mentioned and described premises; but should she die without leaving such heir or heirs, then the same is to revert back to her nearest kin, according to law," reduces the absolute estate to one that is defeasible.

The language in the *Price case,* which was held to convey a fee, was, "during the term of his lifetime, and at his death to his surviving heirs"; and in the *Williams case,* which rendered the fee defeasible, following the words David Williams and his lawful heirs, "children, if any; if not, to his brothers and sisters, respectively."

These authorities are conclusive against the position of the plaintiffs; but as the estate conveyed is a defeasible fee, a conveyance by the present owner will pass the complete title to the purchaser, provided Aby Smith leaves children living at her death, under *Whitfield v. Garris,* 131 N. C., 148; *S. c.,* 134 N. C., 24.

Affirmed.