DEVIN, J., took no part in the consideration or decision of this case.
O. L. Pittman died on 1 April, 1930, leaving a last will and testament and codicils, which were filed and probated on 9 April, 1930. Plaintiff duly qualified as executor of the estate of said testator before the clerk of the Superior Court of Edgecombe County, N.C. on 9 April, 1930, and at once entered upon the administration of his testator's estate.
This is an action, brought by plaintiff against the defendants, devisees and legatees of the last will and testament of O. L. Pittman, deceased, to sell land to pay the debts of the estate. After exhausting the personal property, the outstanding debts amount to the sum of about $9,000. *Page 458 
Commissioners were appointed and the land duly sold. After the payment of debts, this controversy concerns how the remainder should be distributed under the last will and testament of O. L. Pittman.
On this appeal, the paragraphs of the will and codicils to be construed are as follows:
Paragraph 6, in part, is as follows: "It is my desire and intention to so distribute my estate by this my will as to give my wife one-third of my estate, my brother, J. H. Pittman, during his life, and then to his children, one-ninth of my estate, the children of my deceased brother, Bisco Pittman, one-ninth of my estate, and my sister, Carolina Anderson, during her life and then to her children, one-ninth of my estate, including herein the $1,175.00 given to her son, H. O. Anderson, in Item 5 of this my will, and to religious and charitable purposes, one-third of my estate."
Paragraph 7 is as follows: "I give, devise, and bequeath all the rest and residue of my estate, of any kind and description, which I estimate to be about $15,000.00, to W. C. Tyree, J. P. Hackney, Noah Biggs, W. N. Jones, and D. L. Grove, trustees of the State Baptist Convention, and their successors in office, to be by them held upon the following uses and trusts, viz.: one-third thereof shall be invested in good interest-bearing securities or loans and the interest and profits thereof be paid annually to the Baptist State Mission Board, to be by them used in their discretion in aid of weak churches within the limits of the Roanoke Association. One-third thereof shall be invested in good interest-bearing securities or loans and the interests and profits thereof be paid annually to the Board of Managers of the Thomasville Orphanage, to be used by them in their discretion in the aid and support of that branch of said orphanage known as the Kennedy Home. One-third thereof shall be invested in good interest-bearing securities or loans and the interest thereof paid annually to the deacons, or those in charge, of the Gethsemane Baptist Church at Cherry's Cross Roads, in No. 6 Township, Edgecombe County, North Carolina, to be used by them in the repair of the church and in maintaining the churchyard or cemetery around the church, and should there be more than sufficient for these purposes, such surplus they shall pay on the salary of the pastor of that church. But should the said Gethsemane Church be permitted to go down and to be abandoned, then and in that event the bequest for its benefit shall terminate, and the third of the residue of my estate herein given said trustees for the benefit of said church shall revert to my estate."
The will was made and executed on 25 April, 1913. A codicil was made 31 July, 1924, and another codicil was made 26 February, 1927, which, in part, is as follows: "I, O. L. Pittman, of the county and State aforesaid, do hereby make this codicil to my last will and testament *Page 459 
made by me and dated on the 25th day of April, 1913, which I hereby ratify and confirm, except as the same shall be changed hereby. . . . (8) Since in my will and testament I have directed that one-third of my entire estate to be given to religious and charitable purposes without specifying the names of such religious and charitable institutions, it is therefore my will and desire and I do hereby give and bequeath and devise one-third part of myentire estate to the said W. C. Tyree, J. P. Hackney, Noah Biggs, W. N. Jones, and D. L. Grove, trustee of the State Baptist Convention, and their successors in office, to be held in trust and used as directed in Item 7 of my will and testament." (Italics ours.)
Dr. William Louis Poteat, F. H. Brooks, and R. L. McMillan, trustees of the North Carolina Baptist State Convention, in their answer say, in part:
"That it appears clear to these answering defendants that the testator intended that the trustees of the Baptist State Convention have and receive under and by virtue of his will one-third of his entire estate, and that according to the allegations and prayer for judgment in the petition herein, the said trustees of the North Carolina Baptist State Convention will receive nothing under the terms and conditions of said will.
"That the executor of said will has undertaken to set forth an interpretation of the same, evidently under and by virtue of the provisions of sections 87 and 88 of the Consolidated Statutes of the State of North Carolina, which interpretation these answering defendants say is improper, and not in keeping with the intention of the testator clearly expressed both in the original will and in the second codicil, and is not in keeping with the provisions of the law of the State of North Carolina; that these answering defendants state that the executor of said will should not take it upon himself to interpret the will clearly in favor of certain devisees and against the interest of other devisees named in said will, and knowing that the interpretation of the will, the provisions of which are seriously contested as in this case, is the duty and within the province of the court, these answering defendants pray that this will be interpreted by the court, and that the sale of any of said real estate by the executor or by any one for him or in his behalf be stayed until such interpretation is had.
"That according to the interpretation of the will placed thereon by the executor of the estate in his petition, the trustees of the North Carolina Baptist State Convention would be eliminated and would not share or participate in the assets of said estate, when in truth and in fact it appears both in the original will and in said codicil thereto that the testator clearly intended that the said trustees would have and receive *Page 460 
one-third of the entire estate after the payment of debts from the proceeds of real estate, if this became necessary, as it now appears is necessary, and it clearly appears from said will as the intention of the testator that there are no special bequests or devises in the said will having any advantages or taking any priority whatsoever over and above any other bequests or devises, and these answering defendants respectfully pray and urge that the court interpret this will setting forth the intention of the testator to the effect that said trustees will share equally in said estate according to the terms of said will, receiving one-third of said estate after the payment of debts, and that by proper decrees the court direct and instruct the executor to proceed accordingly.
"Wherefore, the said William Louis Poteat, F. H. Brooks, and R. L. McMillan, trustees of the North Carolina Baptist State Convention, pray for judgment:
"First: That this proceeding be placed before the judge of this court for the interpretation of said will;
"Second: That the executor be ordered and directed to withhold said sale and be further ordered not to dispose of any of the assets of said estate of any nature or kind whatsoever for the payment of debts or for other purposes until further orders are issued by this court;
"Third: That the petitioner be required to pay the costs herein;
"Fourth: For such other and further relief as the court may consider just and proper in the premises, both in law and in equity."
At January Term, 1935, Moore, Special Judge, rendered the following judgment, in part:
"Now, therefore, the following is construed, interpreted, found, decreed, and adjudged to be the intention and will of the said O. L. Pittman, deceased, constituting the will and disposition of his entire estate:
"Judgment: It is the will of the testator, O. L. Pittman, that, after the payment of all proper cost, charges, and fees in this cause, and all proper cost, charges, and fees connected with administering said estate, the remainder of his estate, which is money now in the hands of his executor, shall, according to the provisions of said will, be paid over and delivered to the owners and those entitled thereto, and the said executor and J. G. Anderson, his attorney, are hereby directed to make such payments, as follows:
"First: One-third of said net estate to W. L. Poteat, R. L. McMillan, and F. H. Brooks, trustees of the North Carolina Baptist State Convention, and their successors in office, as provided in the sixth and seventh items of the original will and in item eight of the second codicil, to be used by said trustees according to the uses and trusts set forth by the testator in the seventh item of the original will." *Page 461 
At April Term, 1935, Moore, Special Judge, rendered the following judgment, in part:
"Whereas, on 24 January, 1935, at the January Term of the Superior Court of Edgecombe County, the undersigned presiding judge entered a judgment in the above entitled cause, interpreting and construing the will of O. L. Pittman, deceased, late of Edgecombe County, at which time it was represented to and it appeared to the undersigned judge that all proper parties were in court, and that all of said parties requested and desired that the court construe said will;
"And whereas certain parties claiming an interest in said estate now move the court to set aside said judgment as irregular, for that said parties were not in court at said time, either by counsel or in person;
"And whereas, the only issue arising under the petition and answer herein, which the court was called upon and requested to answer at said January Term, was `To what part of the net estate of O. L. Pittman, deceased, if any, are the trustees of the North Carolina Baptist State Convention entitled?' . . .
"Now, therefore, it is ordered and adjudged that the said judgment be and the same is hereby set aside, and the following is construed, interpreted, found, decreed, and adjudged to be the intention and will of the said O. L. Pittman, deceased, as to the interest, if any, of the trustees of the North Carolina Baptist State Convention, in and to said estate, which estate consists solely of cash on hand, in the hands of the executor and his attorney: The trustees of the North Carolina Baptist State Convention, namely: William Louis Poteat, R. L. McMillan, and F. H. Brooks, and their successors in office, shall receive from the net estate of the said O. L. Pittman, deceased, after the payment of debts properly owing by said estate, and the costs of administration, and the costs properly chargeable herein, one-third of said net estate, as provided in the sixth and seventh items of the original will and in item eight of the second codicil, which funds shall be used by said trustees according to the uses and trusts set forth by the testator in the seventh item of the original will, and the executor of said estate, and J. G. Anderson, his attorney, are hereby ordered and directed to make said payment of said one-third of said net estate to said trustees. This 9 April, 1935. Clayton Moore, Special Judge presiding."
To the above judgment all parties, with the exception of the trustees of the North Carolina Baptist State Convention, except, assign error, and appeal to the Supreme Court.
The question involved: Under the last will and testament and codicils of O. L. Pittman, deceased, were the trustees of the N.C. Baptist State Convention to receive one-third of the net estate of O. L. Pittman, deceased? We think so.
It is well settled that the intention of the testator is the polar star in the construction of wills. To sense the intention, the language used in the will, the setting, surroundings of the testator, the home conditions, family relations, and numerous other matters are to be considered.
O. L. Pittman, a man who had no children, made his last will and testament on 25 April, 1913. On 31 July, 1924, he executed a codicil, and on 26 February, 1927, he executed another codicil. His wife was living when he prepared his will and his first codicil, but she died before the second codicil was written. The testator died on 1 April, 1930, and his will, with the codicils, was duly probated and recorded on 9 April, 1930.
The testator was deeply interested in his church. He was a regular member and attendant of Gethsemane Baptist Church in Edgecombe County, N.C. and attended the services of this church in storm and sunshine. The language of his will itself shows his deep interest in the progress of the Kingdom. The will indicates that his life was patterned after what is written in James, ch. 1, verse 27: "Pure religion and undefiled before God and the Father is this, To visit the fatherless and widows in their affliction, and to keep himself unspotted from the world."
The one-third of his estate, which he left in paragraph 7 of his will and codicil, was to the trustees of the N.C. Baptist State Convention, in trust. (1) One-third part was to go to the Baptist State Mission Board to aid certain weak churches. (2) One-third part to the Board of Managers of the Thomasville Orphanage for those orphans in the Kennedy Home. (3) One-third part to his beloved church — the Gethsemane Baptist Church, at Cherry's Cross Roads, Edgecombe County, N.C. for repair of church, maintaining churchyard or cemetery, or pastor's salary.
In the last codicil, dated 26 February, 1927, a few years before he died, his last words (saving and excepting appointing his executors) are: "8. Since in my will and testament I have directed that one-third of myentire estate to be given to religious and charitable purposes without specifying the names of such religious and charitable institutions, it is therefore my will and desire and I do hereby give and bequeath and deviseone-third part of my entire estate to the said W. C. Tyree, J. P. Hackney, Noah Biggs, W. N. Jones, and D. L. Grove, trustees of the Baptist State Convention, and their successors in office, to be held in trust and used as directed in Item 7 of my will and testament." (Italics ours.) *Page 463 
The successors in office of the trustees of the N.C. Baptist State Convention are now Dr. William Louis Poteat, F. H. Brooks, and R. L. McMillan.
In a careful reading of the last will and testament, and codicils of O. L. Pittman, there may be some conflict in certain provisions, but construing the will and codicils as a whole, we think the paramount intent of this childless man was that one-third part of his entire estate was to go to certain weak churches, orphans, and his home church, as before indicated.
Under the record in this case, we do not feel inclined to pass on any question but that considered by the court below. As to those entitled to the remaining two-thirds of the estate, under the will, this can be determined hereafter.
Under the equitable jurisdiction of this Court, we see no reason why the trustees of the N.C. Baptist State Convention should not on this appeal be declared to be entitled to one-third of the net estate of O. L. Pittman, in accordance with the judgment appealed from. In construing the will, we see no ambiguity as to what the trustees of the N.C. Baptist State Convention are entitled to. The language is clear and unequivocal as to what the testator meant: "Since in my last will and testament I have directed thatone-third of my entire estate to be given to religious and charitablepurposes, etc." If there had been any ambiguity, these last words in the codicil set all doubt at rest, and we do the same.
For the reasons given, the judgment is
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.