MRS. RUTH LEE SHARPE v. GEORGE ISLEY AND WIFE, JEWEL ISLEY, GROVER ISLEY AND WIFE, BETTY ISLEY, EULA ISLEY AND HUS- BAND, ZEB ISLEY, AND NEWMAN ISLEY.

(Filed 31 May, 1941.)

1. Wills § 31—

In construing a will, the intention of the testator must be ascertained from the language in which it is expressed, and it is the duty of the court to give the words used their legal effect.

2. Wills § 33c—

A fee may not be limited after a fee unless there be some contingency which defeats or abridges the estate of the first taker in order to make room for the ulterior limitation.

3. Wills § 34a—Testator's wife held to take fee simple without limitation over to testator's heirs.

A devise to testator's wife, "to her and her heirs by me," vests in the wife a fee tail special, converted by statute into a fee simple, and her estate is not affected or limited to a life estate with remainder in fee to the heirs of testator by subsequent provision in the item that testator's wife should have exclusive and sole use of the property and "should she have living heirs by me, then all my estate . . . shall belong to her and her heirs in fee simple," in the absence of a reverter or limitation over in the event the wife should not have children born to her marriage with testator.

APPEAL by defendants from *Carr, J.,* at Chambers, 22 February, 1941. From ALAMANCE. Affirmed.

This was a proceeding under the Declaratory Judgment Act for the construction of the will of Joel J. Sharpe with respect to plaintiff's title to certain land described in the will. There was no controversy as to the facts. From judgment that plaintiff was owner of the land in fee simple, defendants appealed.

*John H. Vernon and Thos. C. Carter for plaintiff, appellee.*
*Long, Long & Barrett for defendants, appellants.*

DEVIN, J.   The third item in the will of Joel J. Sharpe, concerning which this controversy arose, was expressed in the following words: "I

devise to my beloved wife, Ruth Lee Sharpe, to her and her heirs by me, all of my personal property of whatever nature and kind which may be found in my possession at my death, and all of my real estate consisting of my home place where I now live, being a farm of about two hundred and seventy-five (275) acres, and any and all other real estate that I may acquire or come in possession of during my life time. My wife is to have the exclusive and sole use of both my personal and real property and should she have living heirs by me, then all my estate, save and except as otherwise devised, shall belong to her and her heirs in fee simple."

It is admitted that plaintiff is the Ruth Lee Sharpe referred to in the quoted item of the will of Joel J. Sharpe, and that no children were born of her marriage to the testator.

It is apparent that the language in the first clause of Item III of the will, wherein the testator devised his real estate to his wife, "Ruth Lee Sharpe, to her and her heirs by me," constituted a fee tail special, which by the statute was converted into a fee simple (*Whitley v. Arenson, ante,* 121; *Morehead v. Montague,* 200 N. C., 497, 157 S. E., 793; *Revis v. Murphy,* 172 N. C., 579, 90 S. E., 573); and the only question is whether the subsequent words, "and should she have living heirs by me, then all my estate, save and except as otherwise devised, shall belong to her and her heirs in fee simple," should be construed to defeat the first provision, and to limit plaintiff's tenure to a life estate with remainder in fee to the heirs of the testator.

If the testator had incorporated in his will a provision for a limitation over in the event his wife did not have "living heirs" or children by him, a different situation would have been presented. *Daly v. Pate,* 210 N. C., 222, 186 S. E., 348. But there are no such words here and we may not add them to the will in order to serve a supposed intent. The intention of the testator must be ascertained from the language in which it is expressed, and it is the duty of the court to give the words used their legal effect. *Williamson v. Cox,* 218 N. C., 177. There was no reverter or limitation over in the event plaintiff should not have children born of her marriage with testator. *Rose v. Rose, ante,* 20; *Willis v. Trust Co.,* 183 N. C., 267, 111 S. E., 163; *Silliman v. Whitaker,* 119 N. C., 89, 25 S. E., 742.

The language used by the testator in the latter portion of Item III is susceptible of the more reasonable interpretation that he intended to reaffirm his desire that his widow should have the land, and that in the event she bore him children it should belong to her and her heirs in fee simple. This may not be properly interpreted to have the effect of defeating the previously expressed intention which carried the legal significance of a devise of the land to her in fee simple. It has long been the

established law that there can be no limitation of a fee after a fee unless there be some contingency which defeats or abridges the estate of the first taker, in order to make room for the ulterior limitation. *Daniel v. Bass,* 193 N. C., 294, 136 S. E., 733; *Boyd v. Campbell,* 192 N. C., 398, 135 S. E., 121; *Smith v. Brisson,* 90 N. C., 284; *McDaniel v. McDaniel,* 58 N. C., 351.

The judge below has correctly interpreted the effect of the language of the will under consideration and his judgment thereon is

Affirmed.