LUCY P. ELMORE AND HUSBAND, JERRY P. ELMORE, v. EDWARD U.
AUSTIN, ADMINISTRATOR C. T. A. OF EDWARD R. PACE, DECEASED;
LOUISE P. AUSTIN, WIDOW; ISABELLE A. ARMSTRONG AND HUS-
BAND, L. C. ARMSTRONG; EDWARD U. AUSTIN AND WIFE, MARJORIE
B. AUSTIN.

(Filed 3 May, 1950.)

**1. Wills § 31—**

The objective of construction is to effect the intent of testator as ex-
pressed in the instrument, either explicitly or implicitly.

**2. Same—**

Where the language of a will is plain and its import obvious, the words
of testator must be taken to mean exactly what they say.

**3. Same—**

Where the intention of testator is obscure because of ambiguous lan-
guage or the use of inconsistent clauses or words, the court may resort to
canons or rules of testamentary construction.

**4. Same—**

A devise will be construed to be in fee simple unless an intent to convey
an estate of less dignity is apparent from the language of the instrument.
G.S. 31-38.

**5. Wills § 33c—**

The law favors that construction which results in the vesting of the
estate at the earliest possible moment that testator's language will permit,
and to this end doubtful conditions will be construed as conditions subse-
quent rather than precedent.

**6. Same—**

Conditions of defeasance will be construed so as to vest the fee simple
absolute as soon as the language of the will permits.

**7. Same—**

A contingent limitation over upon the death of any person without issue
will be construed to take effect upon the death of such person without issue
living at the time of his death unless a contrary intent appear upon the
face of the will. G.S. 41-4.

**8. Same—**

A devise of an estate which may last forever but which may end upon
the happening of a specified event creates a fee simple defeasible.

**9. Same—**

An estate in fee simple defeasible may be either (1) an estate in fee
simple determinable, or (2) an estate in fee simple subject to a condition
subsequent, or (3) an estate in fee simple subject to an executory limita-
tion.

**10. Same—**

A fee simple determinable is an estate in fee simple which automatically expires upon the occurrence of a stated event.

**11. Same—**

A fee simple determinable constitutes the entire estate until the happening of the stated event by which it is determined, or until it is converted into a fee simple absolute, which occurs when the stated event upon which it is limited becomes impossible of occurrence.

**12. Same—**

A fee simple determinable gives rise to a possibility of reverter, which is not an estate in land but is a mere possibility of acquiring an estate in land at a future time upon the happening of the stated event.

**13. Same—**

Upon the happening of the stated event terminating a defeasible fee, the property reverts to those who are the eligible heirs of testator as of the time of the happening of the event.

**14. Same—Fee simple determinable held rendered absolute upon happening of either of two events specified by testator.**

Testator devised lands to his daughter with further provision that the gift should become absolute if she improved the land by erecting a dwelling or if she should die leaving issue, but that if she should fail to improve the lot or should die without living issue, then the lands should be disposed of as directed in a subsequent item. *Held:* The devise created a fee simple determinable, and under the rule of construction requiring that the fee simple absolute should vest as soon as the language of the testator permits, the ambiguous provisions for defeasance must be read so as to require both of the specified contingencies to occur before the fee should be defeated, and therefore upon the erection of a dwelling house upon the property by the daughter her fee became absolute.

**15. Same—**

A devise for life should the devisee die without living issue, but should the devisee leave issue living at her death the estate should become absolute, creates a fee simple determinable upon the death of the devisee without issue living at the time of her death.

**16. Same—**

The devisee of a fee simple determinable upon her death without issue her surviving cannot become the owner of a part of the fee simple absolute by inheritance as an heir of testator since she could not qualify as an eligible heir of testator upon the happening of the condition of defeasance.

**17. Estates § 4—**

A merger of estates occurs when two distinct estates of greater and lesser rank meet in the same person or class of persons at the same time, without any intermediate estate.

**18. Same—**

Since the possibility of reverter is not an estate in lands, there can be no merger of an estate in fee simple determinable and the possibility of reverter.

**19. Trusts § 4b: Wills § 38—Where executors sell lands under discretionary power, land purchased with proceeds of sale belongs to those beneficially entitled to proceeds.**

Where the will directs that certain lands might be sold at any time at the discretion of the executors, and directs that in the event of sale the proceeds should be invested in bonds and the income therefrom be paid to testator's wife during widowhood and after her death the bonds be divided among testator's children, *held* upon the sale of lands and the investment of the proceeds of sale in other lands, a resulting trust arises in favor of the persons beneficially entitled to the funds, and therefore upon the death of the wife, testator's children are entitled to the lands purchased by the executors in fee simple absolute, and such lands do not come within the provisions of a subsequent item of the will disposing of real estate "not herein disposed of and not sold under the powers hereinbefore granted."

APPEALS by plaintiffs, Lucy P. Elmore and husband, Jerry P. Elmore, and the defendant, Martin R. Peterson, Guardian *Ad Litem,* from *Burgwyn, Special Judge,* at January Term, 1950, of the Superior Court of WAKE County.

Civil action under Article 26 of Chapter 1 of the General Statutes for a declaratory judgment construing a will and declaring the rights of the plaintiffs in property passing thereunder.

1. Edward R. Pace, a resident of Wake County, North Carolina, died testate April 24, 1920. These are the pertinent items of his will:

Third: I give to my wife, Ludie Pleasants Pace, lot No. 1 of my Bloomsbury property, to my daughter, Louise Pace Austin, lot No. 2 of said property; to my daughter Lucy Pace Thompson, lot No. 3 of said property; to my son, James Thaddeus Pace, lot No. 4 of said property, all of said lots being located on and facing the Mills Road. It being my desire and purpose to provide a site for a home for my wife and for each of my children, I further direct that if the lots hereby given to each of my daughters is improved by the erection of a proper dwelling house thereon, or if my daughters or either of them should die leaving issue, then the gift of lots shall become absolute as to the daughter or daughters fulfilling said conditions; but should either or both of my daughters fail to improve the lots hereby given in the manner hereinbefore directed, or should either or both of them die without leaving issue, then the estate in the lots hereby given to them shall be for life as to the daughter or daughters failing to fulfill said conditions, and at the death of each or either of them, as the case may be, the lots shall be disposed of as directed

in section 5 hereof.   The lots herein devised to my wife and son are given in fee simple.

Fourth: I give to my wife my homeplace at the corner of Saunders and Johnson Streets to be held and enjoyed by her during her lifetime if she shall remain single; but in the event of her remarriage her estate therein shall cease and determine.   During her widowhood the property may be sold with the consent of all my children, the proceeds safely invested, and the income thereof paid to my said wife.   At the death or remarriage of my said wife the said property shall be disposed of as directed in section seven; but if prior thereto said property shall have been sold then the proceeds thereof shall be divided equally among my children.

Fifth: All of my Bloomsbury property not included in the bequests in section three hereof may be sold at any time in the discretion of my executors, the proceeds invested in four and one-fourth per cent. Liberty Bonds, and the income thereof paid to my said wife during her widowhood.   After her death said bonds shall be divided among my children.   In the event of her remarriage the income from said bonds shall be divided into two parts, whereof one part shall be paid to her and the other part divided among my children.

Sixth: All of my real estate not disposed of in any of the foregoing sections I hereby bequeath to my wife, to be held and enjoyed by her during her widowhood.

Seventh: At the death or remarriage of my wife I direct that my real estate not herein disposed of and not sold under the powers hereinbefore granted shall be divided equally among my three children, subject to the following conditions, to-wit: That the shares given to my daughters shall be for life should they die without leaving issue; but should they have issue living at their death the estate in the shares herein given to them shall be absolute.

Eleventh: I hereby appoint my wife, Ludie Pleasants Pace, and my son, James Thaddeus Pace, executors of this my last will and testament, and it is my will and desire that they shall act as such without giving bond.

2.  Edward R. Pace was survived by his widow, Ludie Pleasants Pace, and three children:  (1) a son, James Thaddeus Pace; (2) a daughter, Lucy Pace Thompson, now the *feme* plaintiff, Lucy P. Elmore; and (3) a daughter, Louise Pace Austin, now the defendant, Louise P. Austin. James Thaddeus Pace died intestate on June 3, 1920, without having married, and Ludie Pleasants Pace died intestate on June 1, 1947, without having remarried.

3.  This action was originally brought against the following defendants: (1) Edward U. Austin, Administrator *c. t. a.* of Edward R. Pace since

June 19, 1947; (2) Louise P. Austin, a widow; (3) Isabelle A. Armstrong, a daughter of Louise P. Austin, and her husband, L. C. Armstrong; and (4) Edward U. Austin, a son of Louise P. Austin, and his wife, Marjorie B. Austin. Subsequently Ann Joy Armstrong, Betsy Josephine Armstrong, and James Edward Armstrong, infant children of Isabelle A. Armstrong, and Edward Robert Austin, infant child of Edward U. Austin, were made party defendants. The defendant, Martin R. Peterson, is guardian *ad litem* for these children, and for the unborn issue of the *feme* plaintiff and of Louise P. Austin. The parties entered into a stipulation as to the facts, and the court entered a judgment thereon construing the will of Edward R. Pace and declaring the rights of the parties in the property passing thereunder. The original defendants do not prosecute an appeal from the judgment, and consequently the appeals involve no questions except those raised by the plaintiffs and the guardian *ad litem.*

4. Subsequent to the probate of the will the *feme* plaintiff went into possession of Lot No. 3 of the Bloomsbury property mentioned in the third item of the will, and improved said lot by the erection of a dwelling house thereon. No issue has been born to her. The judgment entered in the court below declares "that by the third item of the will of Edward R. Pace, his daughter, Lucy Pace Thompson, now Lucy Pace Elmore, takes a life estate in Lot No. 3 of the Bloomsbury property devised to her by said item of the will, becoming absolute upon her death having erected a dwelling house thereon and leaving surviving her issue." The plaintiffs excepted to this adjudication.

5. Ludie Pleasants Pace acted as Executrix of the will of Edward R. Pace at all times between the probate of the will and her death on June 1, 1947. Acting under the power of sale vested in her in such capacity by the fifth item of the will, she sold portions of the property mentioned in such item; but she did not invest the proceeds arising from such sales in "four and one-fourth per cent. Liberty Bonds." Instead of so doing, she used such proceeds in the purchase of three pieces of real estate, taking title thereto in the name of "Mrs. Ludie P. Pace, Executrix of E. R. Pace." The judgment declares that these three pieces of real estate "belong to Louise Pace Austin and Lucy Pace Thompson, now Lucy Pace Elmore, one-half interest each in fee simple." The guardian *ad litem* excepted to this adjudication, asserting that the court ought to have adjudged that these pieces of realty passed under the seventh item of the will as "real estate not herein disposed of and not sold under the powers hereinbefore granted."

6. The homeplace mentioned in the fourth item of the will, and certain portions of the Bloomsbury property named in the fifth item of the will have not been sold. For convenience of narration, this property is here-

after called the residuary realty. The judgment declares that this realty belongs to the *feme* plaintiff and the defendant, Louise P. Austin, in the following estates and proportions: "one-sixth to Louise Pace Austin in fee simple, having inherited the same from her brother, James Thaddeus Pace; one-sixth to Lucy Pace Thompson, now Lucy Pace Elmore, having inherited the same from her brother, James Thaddeus Pace; one-third to Louise Pace Austin for the term of her natural life, becoming absolute in fee simple upon her death leaving issue surviving her; one-third to Lucy Pace Thompson, now Lucy Pace Elmore, for the term of her natural life, becoming absolute upon her death leaving issue surviving her." The plaintiffs excepted to this adjudication in so far as it declared that the *feme* plaintiff took a one-third share in the residuary realty "for the term of her natural life, becoming absolute upon her death leaving issue surviving her."

The plaintiffs and the guardian *ad litem* appealed, assigning the rulings covered by their respective exceptions as error.

*William Joslin for the plaintiffs.*

*Martin R. Peterson for Martin R. Peterson, Guardian Ad Litem.*

*Brassfield & Maupin for the defendants, Louise P. Austin, Isabelle A. Armstrong, and Edward U. Austin.*

ERVIN, J. The appeal of the plaintiffs challenges the validity of the declarations of the judgment in respect to the devises to the plaintiff, Lucy P. Elmore, under the third and seventh items of the will.

In construing a will, the court seeks to ascertain and carry into effect the expressed intention of the testator, *i.e.*, the intention which the will itself, either explicitly or implicitly, declares. *Smyth v. McKissick,* 222 N.C. 644, 24 S.E. 2d 621; *Sharpe v. Isley,* 219 N.C. 753, 14 S.E. 2d 814; *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906; *Anderson v. Bridgers,* 209 N.C. 456, 184 S.E. 78; *Snow v. Boylston,* 185 N.C. 321, 117 S.E. 14. Where the language employed by the testator is plain and its import is obvious, the judicial chore is light work; for, in such event, the words of the testator must be taken to mean exactly what they say. *Whitfield v. Garris,* 131 N.C. 148, 42 S.E. 568. But where the language in the will does not clearly express the testator's purpose, or when his intention is obscure because of the use of inconsistent clauses or words, the court finds itself confronted by a perplexing task. In such case, the court calls to its aid more or less arbitrary canons or rules of testamentary construction designed by the law to resolve any doubts in the language of the testator in favor of interpretations which the law deems desirable. 57 Am. Jur., Wills, sections 1120, 1124; Am. Law Inst. Restatement, Property, Vol. 3, section 243.

The third item of the will undertakes to set forth the intent of the testator in respect to the devolution of Lot No. 3 of the Bloomsbury Property in twofold fashion. Unfortunately the phraseology used in the first statement is employed in reverse in the second. As a result of this doubleness of expression, the language of the item is more or less inconsistent, and the purpose of the testator in regard to the lot is somewhat obscure. Similar observations apply to the seventh item, which devised to the *feme* plaintiff a share in remainder in the residuary realty of the testator.

These things being true, the court must invoke the canons or rules of testamentary construction germane to its present problems. These are as follows:

1. "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity." G.S. 31-38; *Kirkman v. Smith,* 174 N.C. 603, 94 S.E. 423.

2. The law favors the construction of a will which gives to the devisee a vested interest at the earliest possible moment that the testator's language will permit. *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341; *McDonald v. Howe,* 178 N.C. 257, 100 S.E. 427. As an incident of this rule, courts prefer to construe doubtful conditions as subsequent rather than precedent because such construction gives the devisee a vested estate subject to be divested instead of deferring the vesting. *Mountain Park Institute v. Lovill,* 198 N.C. 642, 153 S.E. 114; 69 C. J., Wills, section 1784.

3. "The law favors not only the early vesting, but also the early indefeasible or absolute vesting, of estates." 69 C. J., Wills, section 1682. As a corollary of this rule, such a construction is to be put upon conditional expressions, which render a testamentary gift defeasible, as to confine their operation to as early a period as the words of the will allow, so that it may become an absolute interest as soon as the language of the testator will permit. *Westfeldt v. Reynolds,* 191 N.C. 802, 133 S.E. 168; *Whitfield v. Douglas,* 175 N.C. 46, 94 S.E. 667; *Biddle v. Hoyt,* 54 N.C. 159; *Hilliard v. Kearney,* 45 N.C. 221.

4. "Every contingent limitation in any . . . will, made to depend upon the dying of any person . . . without issue . . . shall be held and interpreted a limitation to take effect when such person dies not having such . . . issue . . . living at the time of his death . . . unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the . . . will creating it." G.S. 41-4; *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Perrett v. Bird,* 152 N.C. 220, 67 S.E. 507; *Dawson v. Ennett,* 151 N.C. 543, 66 S.E. 566; *Wilkinson v. Boyd,* 136

N.C. 46, 48 S.E. 516; *Kornegay v. Morris,* 122 N.C. 199, 29 S.E. 875; *Williams v. Lewis,* 100 N.C. 142, 5 S.E. 435, 6 Am. St. Rep. 574; *Buchanan v. Buchanan,* 99 N.C. 308, 5 S.E. 430.

The judgment under review is necessarily based on the theory that the third item of the will gives the *feme* plaintiff two distinct legal estates in Lot No. 3 of the Bloomsbury Property; that the first is a life estate, which inevitably ends at her death; and that the second is an estate in fee, which remains contingent throughout her life, but will vest in her absolutely at her death in case specified contingencies are satisfied. We by-pass without discussion or decision the intriguing, but somewhat disconcerting, assumption implicit in the judgment that the law will permit an erstwhile devisee, who has departed this life, to become vested of an earthly estate in fee simple absolute at a time when theology testifies that she is only fitted for a home in heaven.

Be that as it may, the trial court has fallen into error in other respects. The third item of the will devises a single estate to the *feme* plaintiff. Since such estate may last forever, it is a fee simple; and since it may end on the happening of a specified event, it is a fee simple defeasible rather than a fee simple absolute. Am. Law. Inst. Restatement, Property, Vol. 1, Chapters 3 and 4. See, also, in this connection: 19 Am. Jur., Estates, sections 13, 28; 31 C.J.S., Estates, sections 8, 10; *Paul v. Willoughby,* 204 N.C. 595, 169 S.E. 226; *Henderson v. Power Co.,* 200 N.C. 443, 157 S.E. 425, 80 A.L.R. 497; *West v. Murphy,* 197 N.C. 488, 149 S.E. 731; *James v. Griffin,* 192 N.C. 285, 134 S.E. 849; *Alexander v. Fleming,* 190 N.C. 815, 130 S.E. 867; *Walker v. Butner,* 187 N.C. 535, 122 S.E. 301; *Love v. Love,* 179 N.C. 115, 101 S.E. 562; *Smith v. Parks,* 176 N.C. 406, 97 S.E. 209; *Williams v. Blizzard,* 176 N.C. 146, 96 S.E. 957; *Albright v. Albright,* 172 N.C. 351, 90 S.E. 303; *Bizzell v. Building Association,* 172 N.C. 158, 90 S.E. 142; *Maynard v. Sears,* 157 N.C. 1, 72 S.E. 609; *Elkins v. Seigler,* 154 N.C. 374, 70 S.E. 636; *Whitfield v. Garris,* 134 N.C. 24, 45 S.E. 904; *Keith v. Scales,* 124 N.C. 497, 32 S.E. 809; *Wright v. Brown,* 116 N.C. 26, 22 S.E. 313; *Hall v. Turner,* 110 N.C. 292, 14 S.E. 791.

An estate in fee simple defeasible may be either (1) an estate in fee simple determinable, or (2) an estate in fee simple subject to a condition subsequent, or (3) an estate in fee simple subject to an executory limitation. Am. Law. Inst. Restatement, Property, Vol. 1, sections 44, 45, 46.

When the sixth item of the will is read in the light of the relevant canons and rules of testamentary construction, it becomes manifest that the testator thereby devised Lot No. 3 of the Bloomsbury Property to the *feme* plaintiff in fee simple determinable. This is true because "an estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple;

and provides that the estate shall automatically expire upon the occurrence of a stated event." Am. Law. Inst. Restatement, Property, Vol. 1, section 44.

Notwithstanding the qualification annexed to it, a fee simple determinable constitutes the entire estate throughout its continuance. *Landers v. Landers,* 151 Ky. 206, 151 S.W. 386, Ann. Cas. 1915A, 223; *Church in Brattle Square v. Grant,* 3 Gray (Mass.) 142, 63 Am. Dec. 725; *Lyford v. Laconia,* 75 N.H. 220, 72 A. 1085, 22 L.R.A. (N.S.) 1062, 139 Am. St. Rep. 680. It retains its defeasible quality, however, until the happening of the stated event by which it is to be determined, or until it is converted into a fee simple absolute. *Harrell v. Hagan,* 147 N.C. 111, 60 S.E. 909, 125 Am. St. Rep. 539. A fee simple determinable is converted into a fee simple absolute when the stated event on which it is limited becomes impossible of occurrence. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404; Simes: Law of Future Interests, section 187; 31 C.J.S., Estates, section 10; 69 C.J.S., Wills, section 1559.

When the owner of land in fee simple absolute devises it in fee simple determinable, a possibility of reverter, which is a reversionary interest subject to a condition precedent, springs up. It arises without being created by any specific words in the will, and exists in the eligible heirs of the devisor while the fee simple determinable is outstanding in the devisee or his successors in interest, that is to say, until that estate ends by the happening of the stated event on which it is limited, or until that estate is converted into a fee simple absolute. Am. Law. Inst. Restatement, Property, Vol. 1, sections 44, 58, and Vol. 2, section 154; Simes: Law of Future Interests, sections 177, 187; 19 Am. Jur., Estates, section 31. The term "eligible heirs" does not refer to the heirs of the devisor in general. It embraces only those persons who would answer the description of heirs of the devisor at a particular time if the stated event terminating the fee simple determinable were then to occur. It necessarily follows that where an estate in fee simple determinable created by will is ended by the happening of the stated event limiting it, the property reverts in fee simple absolute to those who are heirs of the testator at the time when the estate terminates, and not to those who were heirs of the testator at any other time. *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863; *Church v. Young,* 130 N.C. 8, 40 S.E. 691.

These things being true, a possibility of reverter arising on the creation of a fee simple determinable is not an estate in land, but is a mere possibility of acquiring an estate in land at a future time upon the happening of a condition precedent, *i.e.,* the occurrence of the stated event on which the fee is limited. Mordecai: Law Lectures (2d Ed.), Vol. 1, page 498; Tiffany: Real Property (3rd Ed.), section 314; Thompson: Real Property (Perm. Ed.), section 2182; 33 Am. Jur., Life Estates,

Remainders, Reversions, sections 204, 205, 206; 31 C.J.S., Estates, section 105.

In the creation of a fee simple determinable, the stated event, which operates to end the fee, may be either the occurrence of all of a combination of contingencies, or the happening of only one of two or more alternative contingencies. *Christopher v. Wilson,* 188 N.C. 757, 125 S.E. 609; *Pilley v. Sullivan,* 182 N.C. 493, 109 S.E. 359; *Bell v. Keesler,* 175 N.C. 525, 95 S.E. 881; *Ham v. Ham,* 168 N.C. 486, 84 S.E. 840; *Dickenson v. Jordan,* 5 N.C. 380; Page on Wills (Lifetime Ed.), section 1278; 69 C.J.S., Wills, section 1552. The doubleness of expression in the third item of the will leaves the meaning of the provisions for defeasance of the fee in Lot No. 3 of the Bloomsbury Property in doubt. A literal perusal of these provisions supports two conflicting conclusions: (1) That the testator intended the fee to be defeated in case the *feme* plaintiff either dies without having improved the lot by the erection of a dwelling house thereon, *or* dies without having issue living at the time of her death; and (2) that the testator intended the fee to suffer defeasance only in case the *feme* plaintiff dies without having improved the lot by the erection of a dwelling house thereon *and also* without having issue living at the time of her death. Consequently, the provisions for defeasance must be read so as to require both of the specified contingencies to occur before the fee of the *feme* plaintiff can be defeated; for this construction confines the operation of the provisions for defeasance to as early a period as the words of the will allow, and enables the estate of the *feme* plaintiff to become absolute as soon as the language of the will permits.

The plaintiff has improved Lot No. 3 of the Bloomsbury Property by the erection of a dwelling house thereon. Hence, both of the required contingencies can never occur. This being true, the stated event terminating her estate cannot happen, and the *feme* plaintiff is now the absolute owner of the lot under the rule that a fee simple determinable is converted into a fee simple absolute when the event on which the determinable fee is limited becomes impossible of happening.

In construing the seventh item of the will, the court below committed an error similar to that which characterized its ruling upon the third item. The *feme* plaintiff took a fee simple determinable in the share of the residuary realty devised to her in the seventh item of her father's will, subject only to the preceding estate of her mother. Since the preceding estate has fallen in, the *feme* plaintiff now owns the share in fee, but such fee is determinable on her dying without having issue living at the time of her death.

We cannot bring our consideration of the seventh item of the will to a close without referring to a contention of the plaintiffs. They say that the *feme* plaintiff is an heir of her father, the testator, and an heir of her

predeceased brother, James Thaddeus Pace; that consequently parts of the possibility of reverter passed to her in these capacities under the laws of intestacy; and that such parts of the possibility of reverter merged with corresponding parts of her fee simple determinable, giving her title in fee simple absolute to a portion of the share devised to her in the seventh item.

This contention is engaging, but not convincing. It runs counter to the words of the will, overlooks the characteristics of the possibility of reverter, and ignores the conditions which call the doctrine of merger of estates in land into play.

The *feme* plaintiff is unquestionably an heir of the testator. But she is clearly not one of his eligible heirs. In the very nature of things, she cannot possibly qualify as an heir of the testator at the happening of the stated event which may cut off her fee simple determinable; for such stated event is her own dying without having issue living at the time of her death. Hence, no part of the possibility of reverter has ever passed to the *feme* plaintiff. This conclusion finds implicit support in the decisions of this Court in *Burden v. Lipsitz, supra,* and *Church v. Young, supra.*

Moreover, the doctrine of merger does not apply in case a fee simple determinable and the possibility of reverter unite in the same person. Merger is the absorption of a lesser estate by a greater estate, and takes place when two distinct estates of greater and lesser rank meet in the same person or class of persons at the same time without any intermediate estate. *Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853. Since the whole estate in the land is in the tenant in fee simple determinable, and since the possibility of reverter is not an estate at all, there can be no merger of a fee simple determinable and the possibility of reverter because an essential prerequisite to merger, *i.e.,* the coincidence of two independent estates presently held by one and the same person or class of persons, is necessarily absent. *Chaplin v. Adams,* 10 S.C. Eq. 263.

This brings us to the appeal of the guardian *ad litem,* which calls in question the correctness of the adjudication of the trial court that the three pieces of realty bought by the executrix with funds derived from the sale of portions of the land mentioned in the fifth item of the will now belong to the *feme* plaintiff and the defendant, Louise P. Austin, in fee simple absolute, share and share alike.

Manifestly, these three pieces of realty are not "real estate not herein disposed of and not sold under the powers hereinbefore granted" within the purview of the seventh item of the will. When the executrix sold and conveyed portions of the Bloomsbury Property to third persons under the discretionary power of sale vested in her by the fifth item of the will, the land so sold and conveyed was actually converted into the money

representing the sale price. *Mills v. Harris,* 104 N.C. 626, 10 S.E. 704; 18 C.J.S., Conversion, section 23. The executrix held this money in trust for investment in Liberty Bonds for the benefit of herself, the *feme* plaintiff, and the defendant, Louise P. Austin, in the manner specified in the fifth item. When the executrix used these fiduciary funds in the purchase of three pieces of realty and took a conveyance in her name as executrix, a resulting trust arose in the three pieces of realty in favor of the persons beneficially entitled to the funds with which they were purchased. *Owen v. Hines,* 227 N.C. 236, 41 S.E. 2d 739; *Jackson v. Thompson,* 214 N.C. 539, 200 S.E. 16; *Miller v. Miller,* 200 N.C. 458, 157 S.E. 604; *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45. These considerations sustain the adjudication under present review.

For the reasons given, the action is remanded to the Superior Court on the appeal of the plaintiffs with directions that it modify the provisions of its judgment relating to the rights of the *feme* plaintiff in the property mentioned in the third and seventh items of the will so that such provisions will conform to this opinion. The judgment is affirmed on the appeal of the Guardian *ad Litem.*

Error on the appeal of the plaintiffs.

Judgment affirmed on the appeal of the Guardian *ad Litem.*