IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-321

Filed 7 January 2026

Scotland County, No. 18E000105-820

IN THE MATTER OF THE ESTATE OF LEONARD A. RUSSO

DEVIN ANTHONY RUSSO, Petitioner,

v.

GRACE LONG RUSSO; ROSEMARIE RUSSO; DEBRA LYNN ROBINSON; D'ANNA RENEN RUSSO SAWYER; MICHAEL SCHMIDT, ATTORNEY AT LAW, PLLC; and ROBERT MICHAEL SCHMIDT, III, Respondents.[1]

Appeal by Petitioner from order entered 13 November 2024 by Judge Dawn M. Layton in Scotland County Superior Court. Heard in the Court of Appeals sitting at Duke University School of Law on 21 October 2025.

*James E. Hickmon, PLLC, by James E. Hickmon and Jeremy T. Canipe, for Petitioner-Appellant.*

*Cranfill Sumner LLP, by Steven A. Bader and Melody J. Jolly, for Respondents-Appellees Robert Michael Schmidt and Michael Schmidt, Attorney at Law, PLLC.*

*William R. Purcell, II, for Respondent-Appellee Grace Russo Long.*

*Attorney General Jeff Jackson, by Assistant Attorney General Benjamin T. Spangler, for Amicus Curiae North Carolina Commissioner of Banks.*

COLLINS, Judge.

---

[1] The case caption has been corrected to include the necessary parties to the appeal.

The central issues on appeal are whether a law firm, as a corporate entity, may serve as trustee of a trust or executor of a will without being authorized under one of the eight enumerated categories listed in N.C. Gen. Stat. § 53-303(a). We hold that it cannot. For the reasons stated herein, we reverse the trial court's order dismissing Plaintiff's petition for declaratory judgment and remand for further proceedings.

## I. Background

Leonard A. Russo executed his Last Will and Testament in June 2012. The will was drafted by attorney Robert Michael Schmidt, III ("Mr. Schmidt"), who practiced through his professional limited liability company, Michael Schmidt, Attorney at Law, PLLC ("Law Firm"). The will named Leonard's wife, Grace Long Russo, as executor, and named the Law Firm as successor executor. Article III of the will created the "Leonard A. Russo Trust," a testamentary trust funded principally with Leonard's residence. The will named the Law Firm as the sole trustee of the trust.

Under the terms of the trust, Grace is the lifetime beneficiary. The trustee is directed to hold the residence for Grace's benefit during her life, and if she becomes unable to maintain the home, the trustee is authorized to sell the property and acquire a suitable replacement residence for her use, applying any remaining proceeds for her support. Upon Grace's death, the trust terminates and any remaining trust property passes to Leonard's grandson, Devin Anthony Russo ("Petitioner"). The will also contains a forfeiture clause providing that any

beneficiary who "attempt[s] to contest any provision" of the will or the trust forfeits his or her interest.

Leonard died on 15 March 2018. The will was admitted to probate in Scotland County on 23 April 2018. Although named as executor, Grace did not qualify at that time or during the ensuing five years. The Law Firm did not seek to qualify as successor executor. During this period, no personal representative administered the estate, and no trustee undertook administration of the trust.

On 13 July 2023, after more than five years of inactivity, Petitioner filed a verified petition for declaratory judgment before the clerk of superior court. Petitioner alleged that Grace's prolonged failure to qualify as executor constituted an implicit renunciation under N.C. Gen. Stat. § 28A-5-1(b)(ii), and that the Law Firm was statutorily barred from serving either as trustee or successor executor. He sought an order declaring the trust ineffective, declaring that Article IV of the will placed the remainder of Leonard's estate into trust rather than devising it outright to Grace, disqualifying the Law Firm from serving as trustee or executor, and appointing either Petitioner or the Scotland County Public Administrator as administrator C.T.A. and trustee.

Grace, Mr. Schmidt, and the Law Firm (collectively, "Respondents") opposed the petition. They asserted that Petitioner's filing triggered the will's forfeiture clause and deprived him of standing. They further argued that the Law Firm was legally permitted to serve as trustee and executor.

The matter was transferred to superior court. Respondents moved to dismiss for lack of standing under Rule 12(b)(1)[2] and for judgment on the pleadings under Rule 12(c). They requested declarations confirming Grace as executor, the Law Firm as trustee, and the trustee's authority to sell the residence for Grace's benefit.

By order entered 13 November 2024, the trial court denied Respondents' Rule 12(b)(1) motion, concluding that Petitioner had standing notwithstanding the forfeiture clause. The trial court granted Respondents' Rule 12(c) motion, concluding that Grace was the proper executor, the Law Firm was authorized under North Carolina law to serve as trustee, and the residence was properly held in trust and subject to sale by the trustee pursuant to the will's terms. The trial court dismissed Petitioner's petition with prejudice and denied his request for costs and attorney's fees. Grace subsequently qualified as executor on 20 November 2024.

Petitioner timely appealed.

## II. Discussion

### A. Standing

Respondents argue, as an alternative basis to affirm the trial court's order, *see* N.C. R. App. P. 10(c), that Petitioner lacks standing to bring this action because, under the will's forfeiture clause, Petitioner "forfeited his beneficiary status by filing this petition for declaratory judgment." We reject this argument.

---

[2] This motion is not in the record on appeal but is referenced in the order denying the motion.

Standing refers to whether a party has a sufficient stake in a case to seek relief from the court. *American Woodland Indus. v. Tolson*, 155 N.C. App. 624, 626 (2002). Standing is required before a court can exercise subject matter jurisdiction. *Intrepid Direct Ins. Agency v. Amerex Corp.*, 298 N.C. App. 384, 388 (2025).

"In construing a will, the court seeks to ascertain and carry into effect the expressed intention of the testator, i.e., the intention which the will itself, either explicitly or implicitly, declares." *Elmore v. Austin*, 232 N.C. 13, 18 (1950) (citations omitted). "Where the language employed by the testator is plain and its import is obvious, the judicial chore is light work; for, in such event, the words of the testator must be taken to mean exactly what they say." *Id.* (citation omitted).

The will's forfeiture clause states that if any beneficiary "shall attempt to contest any provision of this document, including but not limited to the trust provided for in this ARTICLE III of my Last Will and Testament," then their interest is forfeited. Petitioner did not contest any provision of the will. Instead, he sought enforcement of its terms and proper appointment of fiduciaries by filing the petition for declaratory judgment. Such petitions are authorized by statute. *See* N.C. Gen. Stat. § 28A-5-1(b)(ii) (2025) ("If any person named or designated as executor fails to qualify or to renounce within 30 days after the will had been admitted to probate, . . . any other person named or designated as executor in the will or any interested person may file a petition in accordance with Article 2 of this Chapter for an order finding that person named or designated as executor to be deemed to have renounced.").

Because Petitioner did not forfeit his beneficiary status by filing this petition, Petitioner does not lack standing to bring this action. The trial court correctly denied Respondents' Rule 12(b)(1) motion to dismiss.

## B. Trustee Eligibility of the Law Firm

Petitioner argues that the Law Firm was not authorized to serve as trustee of the Leonard A. Russo Trust because a professional limited liability company is statutorily barred from serving as trustee of a testamentary trust.

Under the Multistate Trust Institutions Act, "[n]o company shall engage in trust business in this State except" as authorized by one of the eight enumerated categories listed in Section 53-303(a):

> (1) A State trust company;
>
> (2) A State bank;
>
> (3) A State savings association;
>
> (4) A national bank having its principal office in this State;
>
> (5) A federally chartered savings association having its principal office in this State;
>
> (6) An out-of-state trust institution in accordance with and subject to the provisions of Subpart D of this Part;
>
> (7) A foreign trust institution in accordance with and subject to the provisions of Subpart E of this Part; or
>
> (8) A company otherwise authorized to engage in trust business or to act in a particular capacity described in [N.C. Gen. Stat. §] 53-331(b)(2) under the laws of this State or of the United States.

*Id.* § 53-303(a) (2025). "Trust business" is defined as acting as a fiduciary or engaging in activities permitted for a trust institution. *Id.* § 53-301(50) (2025).

The comprehensive list in Section 53-303(a) does not include law firms organized as professional limited liability companies. "Under the doctrine of *expressio unius est exclusio alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list." *Evans v. Diaz*, 333 N.C. 774, 779-80 (1993) (citations omitted).

Petitioner argues that because a law firm organized as a professional limited liability company is not among the enumerated categories in Section 53-303(a), one cannot serve as a trustee. The Commissioner of Banks, appearing as amicus curiae, modifies Petitioner's position, arguing that because a law firm organized as a professional limited liability company is not among the enumerated categories in Section 53-303(a), one cannot serve as trustees unless authorized under Section 53-303(a). The Commissioner of Banks' interpretation accords with the statute's plain language. *See* N.C. Gen. Stat. § 53-303(a).

Respondents rely on the "legal services" exception in Section 53-304(2), which provides that

> a company does not act as a fiduciary; engage in trust business or in any other business requiring a charter, license, or approval under the provisions of this Chapter; or engage in unauthorized trust activity by . . . [r]endering legal services in a manner authorized by the North Carolina State Bar[.]

*Id.* § 53-304(2) (2025). But serving as trustee is not itself the practice of law; any competent adult may serve as trustee. *See Id.* §§ 32-2, 3-25 (2025).

The North Carolina State Bar has long affirmed this view. In RPC 82 (1990), the State Bar clarified that the duties of a lawyer serving as a trustee arise from the fiduciary relationship, not the attorney-client relationship. Moreover, the Rules of Professional Conduct define "professional fiduciary services" as those undertaken by a lawyer in a fiduciary capacity, such as a trustee, but which are not, standing alone, legal services. *See* N.C. R. Prof. Conduct 1.15-1; Comment 6 to Rule 1.15 (2019).

Importantly, the State Bar's guidance consistently refers to individual lawyers–not law firms–as trustees. For example, Comment 9 to Rule 1.7 addresses conflicts of interest arising from a lawyer's service as a trustee, and Comment 7 to Rule 8.44 references fiduciary positions such as trustee in the context of individual lawyer conduct. Nowhere do the Rules suggest that a law firm, as an entity, may serve in a fiduciary capacity. For these reasons, the "legal services" exception does not authorize a law firm organized as a professional limited liability company to act as trustee without being duly chartered.

Here, the Law Firm was organized as a professional limited liability company that was not authorized under Section 53-303(a) to engage in trust business. Accordingly, it was statutorily barred from serving as trustee of the Leonard A. Russo Trust, and the trial court's conclusion to the contrary was erroneous. As a result, the

trial court also erred by finding and concluding that the Law Firm, as trustee, has authority to sell the residence.

**C. Successor Executor Eligibility of the Law Firm**

Petitioner next argues that the Law Firm was not authorized to serve as successor executor of Leonard's will because a professional limited liability company is statutorily barred from serving as an executor of a will.

Chapter 28A governs the qualification of personal representatives. An executor is a personal representative. N.C. Gen. Stat. § 28A-1-1(5) (2025). Section 28A-4-2 identifies categories of persons who are disqualified from serving as personal representatives. Relevant here, subsection (5) provides that "[a] corporation not authorized to act as a personal representative in this State" may not serve as a personal representative. *Id.* § 28A-4-2(5) (2025). Thus, a corporation may serve as executor only if it is "authorized to act as a personal representative" under North Carolina law. *See id.*

Chapter 53 regulates corporate fiduciaries. Section 53-301 includes "act[ing] as personal representative of the estate of a deceased person" in its definition of "[a]ct[ing] as a fiduciary." *Id.* § 53-301(a)(2)(a)(iv) (2025). And no company may act as a fiduciary–included in the definition of engaging in trust business–unless it falls within one of the eight enumerated categories in Section 53-303(a). *See Id.* § 53-303(a). A law firm organized as a professional limited liability company that is not a duly chartered trust company is not among the entities listed.

A professional limited liability company is a corporate entity created under Chapter 57D. Although a professional limited liability company may render professional services through its licensed members, *see id.* §§ 55B-2(6), 57D-2-02 (2025), the authority to provide legal services does not confer authority to act as a fiduciary in a representative capacity for an estate, *see id.* § 53-303(a).

Respondents argue that the Law Firm may serve as executor because it is authorized to render legal services and because attorneys frequently serve as fiduciaries. This argument conflates the authority of an individual attorney with that of a corporate entity.

North Carolina law permits any competent adult to serve as executor. *See id.* § 28A-4-1(b) (2025). It does not permit just any corporate entity to do so. *See id.* § 28A-4-2(5). The exception in Section 53-304(2) for "[r]endering legal services" does not apply because acting as executor is not itself a legal service.

Because the Law Firm is a corporate entity and is not authorized under Section 53-303(a) to act as a fiduciary, it is disqualified from serving as executor under N.C. Gen. Stat. § 28A-4-2(5). Accordingly, the trial court erred to the extent it concluded that the Law Firm was eligible to serve as successor executor of Leonard's will.

## D. Grace's Delay in Qualifying

Petitioner next argues that Grace waived her right to serve as executor of Leonard's will by failing to qualify for over five years.

Pursuant to Section 28A-5-1, "If any person named or designated as executor fails to qualify or to renounce within 30 days after the will had been admitted to probate, . . . any interested person may file a petition in accordance with Article 2 of this Chapter for an order finding that person named or designated as executor to be deemed to have renounced." *Id.* § 28A-5-1(b)(ii).

In his verified petition, Petitioner alleged that Grace had failed to qualify as executor for over five years after Leonard's death and for at least two, and possibly five, years after Leonard's will was admitted to probate. Article II of the will appointed Grace as the executor and the Law Firm as the successor executor. The will was incorporated into the petition.

Whether Grace's delay constituted waiver or unsuitability is a factual question for the trial court. Accordingly, the trial court erred by dismissing Petitioner's petition without a fact-finding hearing.

**E. Costs and Attorney's Fees**

Petitioner finally argues that the trial court erred by denying his request for costs and attorney's fees. Because the trial court's decision was based on its erroneous findings and conclusions, as detailed above, we vacate the trial court's order in this respect.

## III. Conclusion

We conclude as follows: Petitioner has standing to pursue his petition. The trial court erred by holding that the Law Firm could serve as trustee, and thus that

the Law Firm had the authority to sell the residence. The trial court also erred by concluding that the Law Firm could serve as successor executor. The trial court further erred by dismissing Petitioner's petition without a hearing on Grace's qualification as executor. We reverse the trial court's order dismissing Petitioner's petition for declaratory judgment and vacate the denial of Plaintiff's request for costs and attorney's fees. We remand the case to the trial court for further proceedings.

VACATED IN PART; REVERSED IN PART; AND REMANDED.

Judges GRIFFIN and STADING concur.